STERLING P. HUNTER et al., Appellants, v. PEMISCOT LAND & COOPERAGE COMPANY.

Division One, November 30, 1912.

1. QUIETING TITLE: Common Source: Deed from Thomas C.: And Deed from Thomas C. and Another. Plaintiffs undertook to deraign title from Thomas C. Powell; and showed that Thomas C. Powell bought the land from the county, that by sheriff's deed the title passed to John E. Powell, and that they

succeeded to John E. Powell's title. Defendant relies on a deed from Thomas C. Powell and John H. Powell, subsequent in date to said sheriff's deed. *Held*, that no common source of title was shown. There is a vast difference between a deed from Thomas C. Powell alone, and one from Thomas C. Powell and John H. Powell.

2. ———: ———: **Necessary Showing.** In a suit to quiet title, both sides must dereign title from a common source, or plaintiff, out of possession and claiming only through a paper title, must show a good paper title.

3. ———: ———: **Swamp Land: Certificate of Entry: Receiver's Receipt: Carleton's Abstract.** A mere certificate of entry was insufficient to pass title to swamp land. A receiver's receipt showing the lands to have been paid for would give the payor an equitable interest in the lands described therein; but Carleton's abstract of registry entry in Register Book 1, page 52, is not evidence of such a receipt. [Following Nall v. Conover, 223 Mo. l. c. 492.]

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*J. R. Brewer* for appellants.

*Arthur L. Oliver* for respondent.

GRAVES, P. J.—Action under old section 650 to quiet title. Petition is short but in the usual form. By a supplemental abstract filed by respondent, appears a lengthy answer. This additional and supplemental abstract is not attacked by the appellants, and hence the answer therein set out must be taken as the proper pleading in the case, although it differs from the answer set out in appellant's abstract. By the supplemental abstract, respondent challenged the correctness of appellants' abstract.

By this answer, the defendant, now respondent, says: (1) That it is the owner of the lands in dispute and denies that plaintiffs have any title or interest therein; (2) it pleads the ten-year Statute of Limi-

tations, averring that it and its grantors have been in the open, notorious and peaceful possession of said lands for more than ten years; (3) it invokes the thirty-year Statute of Limitations, and (4) the answer then concludes with the invocation of the ten-year Statute of Limitations from another angle in this language:

"And defendant for its other and further answer and defense herein avers that under the provisions of section 1 of an act entitled 'An act to enlarge the jurisdiction of courts of record in suits to determine and quiet the title to real estate,' approved March 15, 1897, plaintiffs were at said last mentioned date empowered to institute this action; that the time in said act and in section 650 of the Revised Statutes of 1899, under and by virtue of which plaintiffs were empowered to sue, expired on March 15, 1907, and that plaintiffs did not commence this action until June 14, 1907, more than ten years after he was by said statute empowered to do so, and that by reason of said facts and of said statute plaintiff is now barred from prosecuting or maintaining this action, and defendant pleads these facts and the above Statute of Limitations, and all of them in bar of this suit. And defendant again prays judgment and for his costs in this behalf sustained.

"And defendant having fully answered now again prays judgment and let it go hence with its costs."

After a finding of facts, the judgment entered is in this language:

"It is therefore considered, ordered, adjudged and decreed, that the plaintiffs Sterling P. Hunter and Lelia Hunter, nor either of them, have no right, title or interest in and to the lands in controversy, and that the defendants, so far as plaintiffs are concerned, have the title in and to said land in fee; that plaintiffs take nothing by their suit herein, and that defendants

recover of and from plaintiffs their costs expended herein and have execution therefor.''

From such adverse judgment, the plaintiffs have appealed.

From the pleadings it will be observed that there is no assumed or agreed common source of title. Nor does the record, other than the pleadings, show an agreed or assumed common source of title. Neither does the record show a proved common source of title. Going to the evidence, the plaintiffs by a record title showing undertake to dereign title through one Thomas C. Powell. They attempt to show that Thomas C. Powell bought the land from Pemiscot county and that by sheriff's deed it passed to John E. Powell and that they succeeded to John E. Powell's title. Defendant relies upon a deed from Thomas C. Powell and John H. Powell, so far as they rely at all upon a record title. This deed, however, was subsequent in date to the alleged sheriff's deed mentioned supra. Had defendant undertaken to dereign title through Thomas C. Powell alone, and offered in evidence such an instrument it might be well said that by the proof a common source of title was shown, but such is not this case. There is a vast difference between a deed from Thomas C. Powell alone, and one from Thomas C. Powell and John H. Powell.

We had a very similar question up in the case of Nall v. Conover, 223 Mo. l. c. 492. In that case there was a title bond by Thomas C. Powell and John H. Powell shown, and we held under the facts and pleadings in that case that we could not proceed with the case upon the theory of a common source of title. The reasoning there meets the situation here, and the contention of the plaintiffs to the effect that there was shown a common source of title in Thomas C. Powell. must be ruled against them on the strength of the Conover case, supra.

With this question to the side, there is but little left to the case.  Plaintiffs were thereby forced to show a good paper title, for they claimed title in no other way.  [Nall v. Conover, supra.]  If there was a link out of their title, the judgment must be against them.

These lands were swamp lands and the law relating thereto was fully reviewed in the Nall-Conover case.  We there held that a mere certificate of entry was insufficient to pass any title.  We then said and now say that if there was a receiver's receipt in evidence showing that such land had been paid for, it would give the payor an equitable interest in the lands described in such receipt.  But this holding cannot avail the plaintiffs in this case.  The only thing offered in evidence to show the transfer of the title to Thomas C. Powell from Pemiscot county is Carleton's abstract of a registry entry in Register's Book 1, page 52.  This record we held in the Nall-Conover case was not a public record required by law to be kept, and for that reason Carleton's abstract thereof did not make it evidence under the Act of 1901.  We further held that even if it was properly admitted as evidence, it would show no title in Thomas C. Powell.  The whole matter is fully discussed in the Nall-Conover case, supra, and we shall not go further.  Under the ruling made in that case, and in the subsequent case of Whitman v. Giesing, 224 Mo. l. c. 615, the plaintiffs in this case failed to make out a case. Other questions urged need not be discussed.  The Nall-Conover case, supra, should be read in connection with this opinion.

The judgment *nisi* is affirmed.  All concur.