## MICHAEL S. SWISHER, Appellant, v. OTIS A. PEMBERTON.

### Division One, March 28, 1913.

1. PARTITION DEED: Conveying Less Than Decree Ordered: Cut Down by Description: Surplusage. Where a sheriff, acting as commissioner in partition, directed by the order of court to sell a particular tract of land, fails or refuses to sell all the land as defined and bounded by the decree, his deed for the lesser quantity actually sold by him cannot be construed as a deed for the whole tract. His deed carries title only for what was actually sold. If in his deed describing the tract described in the decree he added a description of the boundary line thereof which curtailed the tract, and at the sale announced that he would sell the tract subject to that boundary line as made by a surveyor, the court, in an ejectment brought by the purchaser at the partition sale, cannot reject that description in the deed as surplusage. The rule that clerical errors or misstatements contrary to the general purposes expressed in the deeds of sheriffs, administrators and other ministerial officers of the court may, in construing the instrument, be stricken out as surplusage, does not apply to such a case.

2. ———: ———: ———: Land Unsold: Quitclaim: Suit to Quiet Title. That part of the land described in the decree in partition and ordered by it to be sold, which was not sold and which was not embraced in the sheriff's deed, thereafter still belongs to the coparceners if they owned it at the time of the decree; and if the purchaser at the partition suit subsequently acquired their title to that unsold part by quitclaim deeds, and he brings suit against the adjoining owner who claims that strip, to quiet the title, it is the duty of the court to ascertain and determine the title, although plaintiff's count in ejectment based on his sheriff's deed must fail.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis*, Judge.

REVERSED AND REMANDED.

*T. H. Harvey* for appellant.

(1) The court officer is presumed by the law to perform his engagements and duties. Agan v. Shannon, 103 Mo. 661; Lenox v. Harrison, 88 Mo. 491. (2) Could the sheriff, at his said sale, disregard the order of the circuit court, and sell only so much of the land as he was directed to sell by the attorney for plaintiffs? The answer to this question must be in the negative, even though all the parties to the suit had so agreed. The order of sale, based on the partition decree, is the sheriff's authority to make the sale. Hughes v. Hughes, 72 Mo. 136; Agan v. Shannon, 103 Mo. 661; Loring v. Groomer, 110 Mo. 632. (3) A particular description in a deed, which is contrary to the general intention and purpose of the deed should be rejected as repugnant. Agan v. Shannon, 103 Mo. 661; Thomson v. Thomson, 115 Mo. 56; Mitchener v. Holmes, 117 Mo. 185; Johnson v. Boulware, 149 Mo. 451; Johnson v. Johnson, 170 Mo. 34; Goltermann v. Schiermeyer, 111 Mo. 404; West v. Bretelle, 115 Mo. 653; Evans v. Greene, 21 Mo. 170; Tiedeman on Real Property, sec. 829; 8 L. R. A. (N. S.) note, pp. 1038, 1039. (4) The trial court held that before the plaintiff could recover, he must first bring a suit to have his deed corrected. This we contend was error. We are aware of a line of cases which on casual examination might lead to this conclusion, but when carefully considered do not so hold. In all of them the description was either false or so defective as only to convey an equitable title, and under such circumstances it was held plaintiff's remedy would be to get a corrected deed in the statutory way. But where

the land is properly described in the first place and a clause is afterwards inserted restricting or cutting down the property conveyed, then the words of such restriction will be treated as surplusage. West v. Bretelle, 115 Mo. 653; Johnson v. Boulware, 149 Mo. 451; Evans v. Greene, 21 Mo. 170; Presnell v. Headley, 141 Mo. 187. (5) The evidence showed that the strip of land in controversy was a part of said quarter quarter section. (6) Under the second count of the petition, it was the duty of the court to ascertain and determine the estate, title and interest of the parties to the suit. Richards v. Mining Co., 221 Mo. 149.

*Reynolds & James* for respondent.

(1) The strip of land sought to be described in the petition does not lie in the southwest quarter of the northwest quarter of section 21, but lies wholly in the northwest quarter of the southwest quarter of said section. This fact is incontrovertibly shown from the testimony and from the survey of Latimer, the surveyor. (2) The Latimer survey was made in accordance with the provisions of the statutes governing surveys, and is a correct survey and establishment of the line between the southwest quarter of the northwest quarter of section 21, and the northwest quarter of the southwest quarter of said section lying south thereof. According to the Latimer survey, the line runs through the center of said section 21, east and west, and divides it in halves. The effect of said line is also to make an equal number of acres in the southwest quarter of the northwest quarter, and in the northwest quarter of the southwest quarter. R. S. 1909, secs. 11313 to 11321. (3) The plaintiff in ejectment must recover upon the strength of his own title. Marvin v. Elliott, 99 Mo. 616; Mather v. Walsh, 107 Mo. 121; West v. Bretteells, 115 Mo. 653; Mutherin v. Simpson, 124 Mo. 610. (4) Likewise when the court is asked

to determine and declare the title, it must be the title which plaintiff, by his deeds and muniments of title presents. (5) In ejectment the plaintiff must have the legal title. Williams v. Carpenter, 35 Mo. 52; Hunt v. Selleck, 118 Mo. 588; Pierce v. Lee, 197 Mo. 480; Shaffer v. Detie, 191 Mo. 377; Martin v. Kitchen, 195 Mo. 377. (6) An equitable title alone will not support ejectment. Shaffer v. Detie, 191 Mo. 377; Martin v. Kitchen, 195 Mo. 477. (7) The proceedings in partition in this case, outside the deed, did not vest the legal title to the southwest of the northwest quarter of section 21, in the plaintiff. He was bound to have the sheriff's deed. R. S. 1909, sec. 2596. (8) If the deed be defective, or does not properly describe the lands, the purchaser's remedy is to bring the matter to the attention of the court in which the sale was had, by motion showing the facts, and upon such motion obtain an order of the court for a new and corrected deed from the sheriff. R. S. 1909, sec. 2597; Howell v. Sherwood, 242 Mo. 513.

## STATEMENT BY THE COURT.

On the 18th of January, 1908, the sheriff of Saline county executed to plaintiff a deed to the following tract of land, which had been sold by him under a judgment in partition between the devisees of the former owner of said land; to-wit: ''the southwest quarter of the northwest quarter of section 21, township 51, range 20, in Saline county, Missouri, subject to the survey as to the south line made by Frank M. Latimer, surveyor of Saline county, Missouri, on the 25th and 26th days of November, 1907, and recorded in Surveyor's Record Book J, page 190, as establishing the south line, and subject to the right of the tenant, O. A. Pemberton, to remove the fence built by him as tenant along the south line.'' The said O. A. Pemberton was the owner, at the time of his purchase of the above

tract of land, of a quarter section lying immediately south of it, and was also in possession of that sold in the partition proceeding, as tenant of the parties to that suit. The plaintiff brought an action based on the sheriff's deed to him and a quit-claim deed to him from certain of the parties to the partition suit, to recover "a strip of land off the south side of the southwest quarter of the northwest quarter of section 21, township 51, range 20, 130 feet wide at the west end thereof and 104 wide at the east end thereof." The first count of the petition was in ejectment, and the second count under the special statutory proceeding for trying titles of conflicting claimants. [R. S. 1909, sec. 2535.] The theory of plaintiff's action was, that all the strip of land described in the two counts of his petition was conveyed to him by the aforesaid terms of the sheriff's deed executed in the aforesaid partition proceeding and a portion by the deed of the quit-claimers. The amended answer of defendant as to the first count was a general denial and a further defense, that the parties to the partition suit under which said sheriff's deed was made were the owners in fee of the land described in that deed and only claimed title to the south boundary line located by said Latimer, and caused a statement to that effect to be made on the day of the sale under the partition suit, and that said plaintiff purchased at such sale only the land contained in the fractional section which lies north of the line surveyed and located by said Latimer. All of which is pleaded as matter of estoppel on the part of the plaintiff to question the accuracy of the said Latimer line of survey. The defendant interposed the same defenses to the second count of plaintiff's petition. Plaintiff replied by a general denial of the new matter contained in defendant's answer, and alleged further that the order of the circuit court in the partition suit directed the sheriff to sell "the southwest quarter of the northwest quarter of section 21," and that the

sheriff duly advertised that he would sell the south-
west quarter of the northwest quarter of section 21,
township 51, range 20; but "that at the time of said
sale the sheriff without any authority from said court
stated that he would sell said land subject to the sur-
vey as to the south line made by Frank M. Latimer,
surveyor of Saline county, Missouri, on the 25th and
26th days of November, 1907; that at said sale the
plaintiff bought said southwest quarter of the north-
west quarter of said section 21, for the price and sum
of $3740, and said sheriff executed and delivered to
plaintiff a deed therefor; but after describing the same
in said deed as "the southwest quarter of the north-
west quarter of section 21, township 51, range 20;"
without any authority from said court, or any other
authority whatsoever, added the words, "Subject to
the survey, as to the south line made by Frank M.
Latimer, Surveyor of Saline county, Missouri, on the
25th and 26th days of November, 1907, as establish-
ing the south line, and recorded in Surveyor's Record
Book J, page 190, as establishing the south line." The
reply of plaintiff further stated that the true south
line of said fractional section had been recognized for
sixty years by the owners of each side thereof as in-
cluding the strip of land sued for and described in the
petition, which lies south of the Latimer line of sur-
vey. Plaintiff prayed in his reply that the following
terms, to-wit, "Subject to the survey, as to the south
line, made by Frank M. Latimer, Surveyor of Saline
county, Missouri, on the 25th and 26th days of No-
vember, 1907, and recorded in Surveyor's Record Book
J, page 190, as establishing the south line," be con-
strued as surplusage in the sheriff's deed and as not
prejudicing the title of plaintiff to the land in contro-
versy.

On the trial there was evidence tending to show
that at the time of the partition sale, defendant was
in possession of the fractional section of land referred

to in the sheriff's deed as the tenant of the parties to the partition suit, and was also in possession of the strip of land for which this action is brought; that after the sale and after plaintiff had received the sheriff's deed to the land therein described, the defendant built a fence along the south line of the Latimer survey, thus taking possession of the strip of land in controversy; that prior to the said Latimer survey and for sixty years the south line of the fractional section referred to was recognized as including the strip of land in controversy, as appeared by two previous surveys and by the existence thereon of a hedge fence a part of the way and a rail and wire fence the rest of the way; that the strip of land in controversy now lies between the old fence on the south of the strip and the other fence built by defendant north thereof and upon the line of said Latimer survey described in the sheriff's deed. There was evidence tending to show that prior to the sale by the sheriff he had advertised that he would sell the land, describing it as "the southwest quarter of the northwest quarter of section 21, township 51, range 20." There was evidence tending to show that with the assent of one of the parties and the attorney who brought the partition suit, but without the authority of all the parties, the sheriff and the attorney who brought the partition suit stated publicly to the bidders on the day of sale, that he would sell said land subject to the survey as to the south line made by Frank M. Latimer, Surveyor of Saline county, Missouri, on the 25th and 26th days of November, 1907, and so sold it and executed his deed accordingly.

The cause was submitted to the court, a jury being waived, who after taking the case under advisement, rendered the following finding of fact: "And the court being fully advised of and concerning the premises finds the issues for the defendant," and gave

judgment accordingly, from which the plaintiff has appealed to this court.

## OPINION.

BOND, J. (after stating the facts as above).

As a basis for his prayer in his reply to defendant's answer to strike out the clause in the deed to him from the sheriff which delimited the south boundary of the land sold by the sheriff, the plaintiff invokes the class of cases which hold that clerical errors or misstatements contrary to the general purposes expressed in the deeds of sheriffs, administrators and other ministerial officers of the court may be stricken out as surplusage in the interpretation of such instrument. There is no doubt about the correctness of this rule in cases to which it is applicable. It has often been applied in instances where a particular description in a deed is repugnant to its general intention and purpose. [Agan v. Shannon, 103 Mo. 661; Thomson v. Thomson, 115 Mo. l. c. 63, et seq.; Evans v. Greene, 21 Mo. l. c. 208.] All of these rulings, however, upon the proviso that the deed or instrument shall be left with a sufficient description to identify lands sold after the elision of the inconsistent portion thereof. [Presnell v. Headley, 141 Mo. l. c. 191.] For in that event the deed may be enforced in a legal action, otherwise other steps are necessary to obtain a sufficient deed before it can be enforced as a muniment of title. [Dixon v. Hunter, 204 Mo. l. c. 387; Howell v. Sherwood, 242 Mo. l. c. 535.] But none of the cases go to the extent of holding that a deed which is insufficient to carry the legal title may be amended when introduced as evidence on the trial of an ejectment suit by such additions thereto as will make a valid deed of an invalid one. Neither have we been able to find any case which holds that where a sheriff or administrator or other agent of the court is directed to

sell a particular tract of land and either fails or re-
fuses to sell *all* of the land as defined and bounded
in the authority given to him, that his deed for the
lesser quantity actually sold by him may be construed
as a deed for the whole of the tract which he was au-
thorized to sell but all of which he did not in fact sell.
It is self-evident that the deed of the agent to sell can
only carry title to what was actually sold by him. But
that he could grant something which he had not sold is
a proposition which is disproved by its mere state-
ment.

In the case at bar, whether the sheriff was directed
to sell the strip of land in controversy is wholly imma-
terial in the light of his subsequent actions. He did
*not* sell that strip of land, and it was publicly an-
nounced when he was making the sale that he would
not sell that particular piece of ground and that he
would sell the fractional section only to an existing
and duly recorded boundary line on the south. After
the sale he made his deed in strict accordance with
what was actually done. As far as the sale is con-
cerned, the strip of land sued for has never been dis-
posed of under the facts in this case. For it was *not*
offered and no bids were received for it, and it is not
conveyed in the deed made by the sheriff. If the
parties to the partition proceeding under which this
sale was made had any title to that strip of land prior
to the sheriff's sale, they have that title still unless
they have conveyed it. It unquestionably did not pass
under the sale and deed of the sheriff.

The learned counsel for appellant is wholly mis-
taken in the view, that there is any legal warrant for
the effacement of the south boundary line of the frac-
tional section recited in the sheriff's deed. If that is
stricken out, then the deed would not speak the truth,
but would purport to convey what has *not* been sold
so far as it might be shown in the proof that the frac-
tional section was located so as to include the land

sued for or had been extended over it by acts giving its owners title under the Statute of Limitation. The learned counsel for appellant are entirely correct in stating that the authority of the sheriff to sell in this case was limited by the interlocutory judgment in partition. [Loring v. Groomer, 110 Mo. 632.] And the sheriff should have conformed his actions strictly to this authority. But if the contention of counsel for appellant is correct, i. e., that the strip of land sued for is contained within the fractional section which the sheriff was directed to sell, then the sheriff disregarded his duty in the matter, for that he did not sell that particular parcel of ground is plainly evidenced from his statements to the bidders at the sale and from the contents of the deed which he made to the purchaser. We are unable to find any theory of law upon which plaintiff could recover on the count in ejectment as being the owner in fee of the property in dispute under the sheriff's deed exhibited to establish that fact; and we think the trial court was clearly right in holding that there could be no recovery on that count of plaintiff's petition.

II. The right of plaintiff to recover on the second count of his petition presents a different question. That count was based upon section 2535, Revised Statutes 1909, providing a procedure for the trial of titles between rival claimants of real estate. The very issue presented was one of comparative title between the plaintiff and defendant as to this specific piece of land. [Richards v. Coal & Mining Co., 221 Mo. 149.] Plaintiff exhibited in sustention of his claim a quitclaim deed from certain of the parties to the partition suit. There was evidence tending to show that the ancestors of all the parties to the partition suit had acquired a fee simple title to this particular land under the Statutes of Limitation if not otherwise. This being

the case, plaintiff was entitled to a finding on the count of the petition as to his rights under the quit-claim against any adverse claim of defendant. The court should have made that finding and should have embraced its finding on the previous count in ejectment as well as the latter finding in one general judgment.

The judgment in this case is reversed and the cause remanded to be tried in conformity with this opinion.

*Woodson, P. J., Lamm* and *Graves, JJ.,* concur.