**DeCOTA ELECTRICAL & INDUSTRIAL SUPPLY, INC., and Southeast Electrical Supply, Inc., Appellant,[1]**

v.

**CONTINENTAL CASUALTY COMPANY, Respondent.**

No. 19162.

Missouri Court of Appeals, Southern District, Division One.

Oct. 31, 1994.

Richard Whiffen, Sikeston, for appellant.

John L. Oliver, Jr., Oliver, Oliver & Waltz, P.C., Cape Girardeau, for respondent.

MONTGOMERY, Judge.

DeCota (Plaintiff) brought this action for recovery against a surety company (Defendant) after Plaintiff sold electrical supplies to a contractor. Following a judgment in favor of Defendant, Plaintiff appeals. Defendant, by separate motion, urges we dismiss the appeal, alleging Plaintiff's point relied on is defective. Because Plaintiff's point relied on violates Rule 84.04(d),[2] the appeal is dismissed.

We reproduce verbatim the point relied on from Plaintiff's amended brief:[3]

Appellant seeks review of the Trial Court's Decision wherein it ruled that the Plaintiff below did not present sufficient evidence from which the Trial Court could reasonably find or infer that the Plaintiff sold materials to the contractor, that the materials were incorporated into the project, and that the Plaintiff was not paid. The Trial Court erred as it failed to follow a stipulation entered into by the parties that would require a judgment for the plaintiff of at least $4,386.03. The issues presented to the Court, were over the amount of credits due from this project and whether the Insurance Company that posted the surety bond could claim credits, allegedly due the contractor, on other projects. All other issues necessary to meet the burden of proof, with the exception of the dispute over credits, were admitted or stipulated to by the parties. Stipulations as to fact are binding on the Trial Court and the Court should have awarded a minimum of $4,386.03 as stipulated by the parties.

The trial court further erred as it required a burden of proof identical to that required in an open account case including proof of the reasonableness of plaintiff's charges. The plaintiff was required only to present evidence from which the Trial Court could reasonably find or infer that the Plaintiff sold materials to the contractor, that the materials were incorporated into the project, and that the Plaintiff was not paid.

---

1. Southeast Electrical Supply, Inc., merged into DeCota Electrical & Industrial Supply, Inc., prior to this appeal. We refer to Appellant/Plaintiff singularly since DeCota Electrical & Industrial Supply, Inc., is the only party to appeal.

2. Rule references are to Missouri Rules of Court (1994) unless otherwise indicated.

3. Plaintiff was allowed to file an amended brief after this court indicated that the point relied on in its original brief was defective.

Plaintiff's sole point relied on attempts to assert three trial court errors. It appears to us (but we are by no means certain) that Plaintiff proposes the trial court erred in three ways: (1) by ruling that Plaintiff did not present sufficient evidence; (2) by failing to follow a stipulation entered into by the parties; and (3) by requiring an inapplicable burden of proof. This point contains multifarious claims. *Wulfing v. Kansas City S. Indus.*, 842 S.W.2d 133 (Mo.App.1992), addresses the situation where a party improperly presents as one assignment of error incidents of error that are multifarious.

The respondent Wulfing contends that this statement of "point relied on" collapses four disparate contentions of error in the motion for new trial into a single attempted "point relied on," thus violates Rule 84.04(d), and so does not deserve our review.... *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978), discountenances the practice that groups numerous incidents of error into a single "point relied on" where the incidents of error do not relate to a single issue. *Id.* at 688[14]. It does not serve the purpose to address each detail of criticism and response. It is enough to say that as to "point relied on I", the complaint that the appellant unduly presents as one assignment of error incidents of error that are multifarious, is justified. *Id.* at 145.

Plaintiff collapses three disparate contentions of error in its sole point relied on, thus violating Rule 84.04(d). Even if we reviewed each point separately, the points do not meet the requirements of the rule. Rule 84.04(d), governing an appellant's point relied on, provides, in part:

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder....

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

Points relied on that do not meet the requirements of Rule 84.04(d) preserve nothing for review. *Thummel v. King*, 570 S.W.2d 679, 684–85 (Mo. banc 1978). *Thummel* sets out the three components of a point relied on as follows:

(1) A concise statement of the challenged *action* or *ruling* of the trial court.

(2) A statement *why* the action or ruling was erroneous.

(3) A statement *wherein* the testimony or evidence gives rise to the ruling for which appellant contends. *Id.* at 684–85.

In the present case, Plaintiff does not satisfy the *wherein* and *why* requirements of Rule 84.04(d) for any of the trial court's alleged errors. Prong (1) of Plaintiff's point identifies the allegedly erroneous ruling of the trial court, but does not specify why the ruling was erroneous. The *why* requirement contemplates a statement which ordinarily will closely approximate what the appellant believes should have been the trial court's conclusion of law on the point being addressed. *Thummel* at 685. After stating *why* the ruling was erroneous, the point must then explain *wherein* the testimony or evidence gives rise to the ruling for which the appellant contends. *Id.* We note that simply using the word "wherein" does not fulfill the *wherein* requirement. In *Montesano v. James*, 655 S.W.2d 137, 139 (Mo.App.1983), the court said, "It is not enough for the point, as here, via conclusions of claimed error to simply say the trial court was wrong without alluding to some evidence or testimony which gives support to such conclusions."

Plaintiff's second and third points are afflicted with the same problems. The appeal is dismissed.

SHRUM, C.J., and FLANIGAN, J., concur.