**Joseph HUMPHREY and Donna Humphrey, his wife, Plaintiffs–Appellants,**

v.

**Rocky SISK and Gay Sisk, his wife, and Gary Lee Melton and Debra Kay Melton, his wife, Defendants–Respondents.**

**No. 19210.**

Missouri Court of Appeals, Southern District, Division One.

Dec. 20, 1994.

Daniel T. Moore, L. Joe Scott & Daniel T. Moore, Poplar Bluff, for appellants.

Mark A. Kennedy, Kennedy & Kennedy, Poplar Bluff, for respondents.

FLANIGAN, Judge.

Plaintiffs brought this action against defendants, seeking to quiet title to certain real estate and a declaration that they are the owners. Plaintiffs' petition alleged that they were the record owners of the property. Defendants' answer denied that allegation and

alleged that defendants were the owners by reason of adverse possession.[1] Defendants filed a counterclaim, seeking a declaration that they are the owners. Each side requested monetary relief.

The trial court, sitting without a jury, entered a judgment in favor of defendants. The court found that defendants are vested with fee simple title in the property, that defendants Sisk have an undivided one-half interest and defendants Melton have an undivided one-half interest, and that plaintiffs have no interest. Claims of both sides for money damages were denied. Plaintiffs appeal.

The land in dispute is the following described property located in Butler County:

All that part of the northeast quarter of the northwest quarter lying west of County Road 462, except for ten acres lying along the west side and all that part of the southeast quarter of the northwest quarter lying west of County Road 462, all in Section 13, Township 24 North, Range 4 East, located in Butler County, Missouri.

This opinion will refer to that tract as "the property."

Plaintiffs present four points on appeal. Their first three points allege that the trial court erred, for various reasons, in adjudicating title to the property to be in defendants. Their fourth point is that the trial court erred in failing to adjudicate title to the property in plaintiffs because plaintiffs "had a better claim to [the property] than defendants based on plaintiffs' quit claim deeds from the last record owners of [the property]."

Plaintiffs made no effort to base their claim of ownership on adverse possession. In the trial court, and in this court, plaintiffs' claim is based on the sole ground that they hold the record title.

Plaintiffs must succeed upon the strength of their own title and if they failed to prove prima facie that they hold record title, they have no interest in the land. *Baugh v. Grigsby*, 286 S.W.2d 798, 800[1] (Mo.1956).

1. The answer also pleaded that plaintiffs' claim was barred by the res judicata effect of a judgment in a prior action. On oral argument in this court, defendants' counsel conceded there was no merit to the res judicata defense.

If plaintiffs failed to make a prima facie showing of record title in them, and they claim no other title, the trial court correctly adjudged that they had no title or interest in the property. *Id.,* at 803[6]. If plaintiffs have no title to the property, they are not aggrieved by a judgment adjudging title in defendants and may not complain thereof. *Id.,* at 803[7]; *Harrington v. Muzzy,* 258 S.W.2d 637, 639[3] (Mo.1953).

For the reasons which follow, this court holds that plaintiffs failed to make a prima facie showing of record title in them and that plaintiffs' fourth point has no merit. It is unnecessary to consider plaintiffs' first three points.

■■■ Appellate review of this nonjury action is governed by Rule 73.01(c),[2] as construed in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it declares or applies the law erroneously. On appeal, the trial court's judgment is pre-sumed valid and the burden is on plaintiffs, as appellants, to demonstrate incorrectness of the judgment. *Delaney v. Gibson,* 639 S.W.2d 601, 604[4] (Mo. banc 1982).

At the trial, plaintiffs introduced into evidence various deeds and other documents describing the property or a portion of it. Defendants introduced Exhibit A, an abstract of title to all of the Northwest Quarter of Section 13, Township 24 North, Range 4 East, in Butler County, which included the property and other land adjacent to it. Plaintiffs' brief makes no mention of Exhibit A, which is 141 pages long. No witness gave an opinion, based on Exhibit A, as to the identity of the holder of record title to the property.

Plaintiffs' exhibits bearing upon the record title to the property are set forth in the following table. Under the column headed "Land Described," "P" refers to the property, "P/O" refers to the property and other land, and "Portion" refers to a portion of the property.

| Exh. No. | Date of Transfer | Type of Deed | Grantor(s) | Grantee(s) | Land Described |
|---|---|---|---|---|---|
| 1 | 10/09/39 | Warranty | E.O. Scott & Bertha Scott | Dee Sloan & Opal Sloan | P/O |
| 6 | 12/05/68 | Warranty | Raymond A. Bove & Mary Bove, his wife | Katheryn Winking, a single person | P/O |
| 9 | 12/05/68 | Warranty | Katheryn Winking, a single person | Marvin Q. Silver, Milton Suffian, & Joseph S. Rosenthal | P/O |
| 12DD | 03/15/89 | Quit-claim | Michelle Suffian Chilton & David Chilton, her husband | Defendants | Portion |
| 12R | 03/17/89 | Quit-claim | Daniel Suffian, a single person | Defendants | Portion |
| 12V | 03/24/89 | Quit-claim | Joseph S. Rosenthal & Beverly E. Rosenthal, his wife, & Marvin Q. Silver, a single person | Defendants | Portion |
| 12Z | 03/31/89 | Quit-claim | Harriet Suffian, a single person, Karen Suffian Frost & Harlie Frost, her husband, & Lauren Suffian Usher, a single person | Defendants | Portion |

---

**2.** All references to rules are to Missouri Rules of Court, V.A.M.R.

| Exh. No. | Date of Transfer | Type of Deed | Grantor(s) | Grantee(s) | Land Described |
|---|---|---|---|---|---|
| 3 | 07/03/89 | Quit-claim | Virginia B. Sloan, single | Plaintiffs | P |
| 4 | 02/06/90 | Quit-claim | Rodger D. Sloan, single | Plaintiffs | P |

Plaintiffs' fourth point is that the trial court erred "when it failed to quiet title to [the property] in plaintiffs because plaintiff (sic) had a better claim to the land than defendants, based upon plaintiffs' quitclaim deeds from *the last record owners* of [the property], regardless of the manner in which plaintiff (sic) acquired his deeds." (Emphasis added).

On this appeal this court must, and does, confine its review to the "points relied on." Rule 84.04(d); *Kurtz v. Fischer*, 600 S.W.2d 642, 645[1] (Mo.App.1980). "The questions for decision on appeal are those stated in the points relied on, and a question not there presented will be considered abandoned on appeal and no longer an issue in the case." *Pruellage v. De Seaton Corp.*, 380 S.W.2d 403, 405[3] (Mo.1964). *See also Conway v. Judd*, 723 S.W.2d 905, 906 (Mo.App. 1987).

Plaintiffs had the burden to establish their title to the property by competent evidence. *Lock v. Bennartz*, 470 S.W.2d 801, 802[2] (Mo.1971). The brief of defendants concedes that record title to the property passed to Dee Sloan and Opal Sloan by reason of Exhibit 1.

Plaintiffs base their claim to title on two quitclaim deeds, Exhibit 3 and Exhibit 4. It is true, as plaintiffs argue, that a quitclaim deed is as effective as any other deed for the purpose of transferring title. *Grimes v. Rush*, 355 Mo. 573, 197 S.W.2d 310, 312[6] (1946); *Teson v. Vasquez*, 561 S.W.2d 119, 130[35] (Mo.App.1977). *See also Swisher v. Pemberton*, 249 Mo. 200, 155 S.W. 22, 24[4] (1913).

The flaw in plaintiffs' position is that the grantors in Exhibit 3 and Exhibit 4 were not "the last record owners" of the property. "If any links are missing in such chain of title," *Noble v. Cates*, 230 Mo. 189, 130 S.W. 302, 304 (1910), plaintiffs' case must fail. *See Hunter v. Pemiscot Land & Cooperage Co.*, 246 Mo. 135, 151 S.W. 714, 715[1] (1912).

Although, under Exhibit 1, title to the property passed to Dee Sloan and Opal Sloan, plaintiffs introduced no deeds or other documents of title showing that the grantor in Exhibit 3, "Virginia B. Sloan, single," or the grantor in Exhibit 4, "Rodger D. Sloan, single," had any title to convey. Plaintiffs introduced no record showing the relationship, if any, of Virginia B. Sloan or Rodger D. Sloan, to either Dee Sloan or Opal Sloan, the grantees in Exhibit 1, or how either Virginia B. Sloan or Rodger D. Sloan acquired any interest in the property. Plaintiffs' fourth point has no merit because it is factually unsupported.

This court, in its discretion, has examined the record on appeal to determine whether plaintiffs might be entitled to relief under Rule 84.13(c), "the plain error rule." Under that rule, this court may consider "[p]lain errors affecting substantial rights ... when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." For the reasons which follow, this court finds no plain error.

Plaintiff Joseph Humphrey testified at the trial, and defendants introduced portions of his deposition as admissions. The depositions of Virginia B. Sloan and Rodger D. Sloan were received into evidence. That evidence included the following:

**Joseph Humphrey:** I made some investigation as to the title situation with respect to

[the property], and obtained a quitclaim deed from Virginia Sloan and Rodger Sloan. I claim through Dee Sloan. I never paid anything for any of this acreage. I told Dee Sloan and Virginia Sloan they owned acreage down there in Butler County.

**Virginia Sloan:** At the time I signed the deed, I did not believe I had any interest in any property in Butler County. Dee Sloan and I were married in 1954. When Dee Sloan died, no estate was opened. I was still married to Dee Sloan when he died. I don't know when Dee Sloan divorced Opal Sloan. Rodger Sloan is my son. Dee Sloan had another son, from his previous marriage, named Robert Sloan. Joseph Humphrey did not say that he intended to use [Exhibit 3] to make a claim to anywhere from 30 to 40 acres of property. If I had any interest in the Butler County property it would be through Dee Sloan, but I didn't have any.

**Rodger Sloan:** Dee Sloan was my father, and he died in 1987 or 1988. My father told me that he had sold all the land that he had in Butler County. Joseph Humphrey did not pay me any money for my interest in the land. Dee Sloan divorced Opal Sloan prior to her death. I told Humphrey that my father sold [the property] when he got divorced. Humphrey did not tell my mother and me that we owned some land in Butler County and he would like to buy it from us. He just said there was some sort of technicality. We knew for a fact that my dad had already sold it, and we didn't have any claim to it.

Credibility of the witnesses was a matter for the trial court. Plaintiffs made no request that the trial court make findings of fact, and the trial court made none. That being so, "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(a)(3).

It should be noted that plaintiffs offered no evidence with respect to a transfer of the interest in the property which Opal Sloan obtained under Exhibit 1. Plaintiffs offered no evidence with respect to the interest, if any, of Robert Sloan, who was a son of Dee Sloan. Plaintiffs have never been in posses-

sion of the property or expended any money on it.

The judgment is affirmed.

SHRUM, C.J., and MONTGOMERY, J., concur.