David L. **CAMPBELL,** Plaintiff–
Appellant,

v.

Gary W. **RICKERT,** et al., Defendants–
Respondents.

No. 20545.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 15, 1997.

David L. Campbell of David L. Campbell, P.C. and Gregory P. White, St. Louis, for plaintiff-appellant.

Robert C. Jones and Robert E. Jones of Jones, Korum, Waltrip & Jones, Clayton, and H. Clay Billingsley of Klutho, Cody & Kilo, P.C., and James P. Holloran, of The Holloran Law Firm, St. Louis, for defendants-respondents.

PREWITT, Judge.

Appellant is assignee of Accurate Construction Company ("Accurate"), a St. Louis corporation which filed an action for damages and equitable relief against Respondents.

In 1985 and 1986, Accurate agreed under contract with Resort Development, Inc. ("Resort Development") to construct condominiums and commercial improvements on property located at the Lake of the Ozarks. Resort Development apparently ran into financial and tax difficulties, and Accurate ceased construction in April, 1986. Resort Development forfeited its corporate charter on August 11, 1986.

Respondent BOTL Management, Inc. ("BOTL"), a corporation organized by various individuals, including Respondent James Holloran and Accurate's senior vice-president Herman Schwartz, sought to salvage Resort Development's projects, and in exchange for assuming debts and other consideration, acquired an interest in the Lake of the Ozarks property which Accurate had constructed.

At trial, Schwartz and Holloran testified BOTL's objective was to secure funds by which the project would be completed and eventually sell the completed property to Respondent Master Condominium Association ("MCA"). Under this arrangement, Accurate eventually resumed construction, and it is undisputed that it completed performance under its contract with Resort Development.

Schwartz issued a final lien waiver on behalf of Accurate in December, 1986 for some of the work performed by Accurate, but there was evidence that a balance of several hundred thousand dollars remained outstanding. In 1989, MCA was awarded title to the property in a decree issued by the Camden County Circuit Court. Accurate was not party to this action and did not file a mechanic's lien against the property for the amount it claimed it was owed.

Non-jury trial was held November 30 through December 1, 1993. Judgment for Respondents was entered on September 27, 1995. No findings of facts or conclusions of law were requested or issued.

■ Appellant presents multifarious issues under a single point as follows:

1. The Trial Court Erred and Abused Its Discretion In Entering Judgment For Defendants In That The Defendants Presented No Evidence And The Plaintiff's Uncontroverted Evidence Established That:

A. Accurate Performed Construction Work At The Project Of A Reasonable Value In Excess of $568,272, Which Said Work Enhanced The Value Of The Property On Which It Was Performed In At Least A Like Amount, And For Which Work No Payment Has Been Made, And Plaintiff Was Therefore Entitled To Judgment For The Unpaid Contract Sums Plus Pre-judgment Interest; and

B. Defendants Were Unjustly Enriched by Accurate's Work In That Defendants Accepted The Benefit of Said Work And Used The Enhanced Value Of The Property On Which Said Work Was Performed To Obtain Bank Loans In Excess Of $2.5 Million Without Making Any Payment For Same; and

C. Plaintiff Established That The Conveyances To Defendant BOTL Management, Inc. And The Deeds of Trust In Favor Of The Defendant Banks Were Made And Executed At A Time When The Grantors In Said Deeds And Deeds Of Trust Had No Standing To Execute The Same, Which Lack Of Standing Was Self–Apparent On The Face Of Said

Deeds And Deeds of Trust, And Had No Title To The Real Estate Which Was The Subject Thereof, So That Said Conveyances and Deeds Of Trust Were Required To Be set Aside And For Naught Held; and

D. Plaintiff Established Its Entitlement To An Equitable Lien Against The Property On Which Said Work Was Performed Because (1) Plaintiff Had No Adequate Remedy At Law In That Mechanic's Lien Rights Were Not Available To It; (2) The Defendants And Their Privies Had An Obligation To Pay For Said Work, Having Requested And Accepted The Benefits Of The Same; (3) The Property On Which Said Work Was Performed Was Readily Identifiable; And (4) The Parties Intended That Said Property Be Security For The Debt Incurred For The Work Performed Thereon; and

E. Alternatively, Plaintiff Established Its Entitlement To The Imposition Of A Constructive Trust Against The Property On Which Said Work Was Performed Because Plaintiff Established That (1) Defendants Had Been Unjustly Enriched; And (2) The Transfers of The Properties On Which Said Work Had Been Performed To Certain Defendants, And The Creation Of Deeds Of Trust In Favor Of Certain Defendants, Were Done In Fraud Of Accurate's Creditor's Rights In Violation Of § 428.020, RSMo (1939).

 Where disparate contentions of error do not relate to a single issue, collapsing them into a sole point relied on violates Rule 84.04(d). *DeCota Elec. & Indus. Supply, Inc. v. Continental Cas. Co.*, 886 S.W.2d 940, 941 (Mo.App.1994) (citing *Wulfing v. Kansas City Southern Indus., Inc.*, 842 S.W.2d 133, 145 (Mo.App.1992)). The subpoints above, although under the same general heading of trial court error, do not relate to a single issue. They each raise a separate issue.[1]

Under Rule 84.13, this Court is entitled to review matters not properly preserved under a plain error standard. Having examined the record, however, this Court concludes that even were it to exercise that option, Appellant would not prevail.

 The scope of appellate review of a judge-tried case is established by Rule 73.01(c), as construed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Humphrey v. Sisk*, 890 S.W.2d 18, 19 (Mo.App.1994). On appeal, the trial court's judgment is presumed valid and the burden is on plaintiff, as appellant, to demonstrate incorrectness of the judgment. *Id.*

Due regard shall be given to the opportunity of the trial court to have judged the credibility of the witnesses. Rule 73.01(c)(2). All fact issues upon which no findings are made shall be considered as having been found in accordance with the result reached. Rule 73.01(a)(3).

 Appellant asserts it is entitled to damages because there was evidence BOTL "undertook to pay Appellant the amounts owed to it," referring to two exhibits. The exhibits merely contain provisions that mention payment to Appellant under certain circumstances and do not necessarily indicate BOTL's liability as claimed by Appellant. Neither the exhibits nor the record as a whole convince this Court that the trial court erred with respect to the issue of damages.

 Unjust enrichment occurs where a benefit is conferred upon a party under circumstances where retention of that benefit without paying for it would be unjust. *River's Bend Red–E–Mix, Inc. v. Parade Park Homes, Inc.*, 919 S.W.2d 1, 4 (Mo.App.1996). The right to restitution for unjust enrichment presupposes, *inter alia*, that the en-

---

**1.** The point under 1.A., taken separately, fails to state why the trial court's judgment is erroneous under the applicable law. A point relied on which does not comply with Rule 84.04(d) stating "wherein and why" the trial court ruling is erroneous fails to preserve that issue for appellate review. *Newcomb v. Humansville R–IV School Dist.*, 908 S.W.2d 821, 832 (Mo.App. 1995); *DeCota Elec.*, 886 S.W.2d at 941.

richment was at the expense of the plaintiff. *American Nursing Resources, Inc. v. Forrest T. Jones & Co., Inc.*, 812 S.W.2d 790, 796 (Mo.App.1991).

There is substantial evidence indicating that Respondents assumed debts and issued notes in the millions of dollars in exchange for the property in question, and the record does not indicate nonpayment of Accurate's bill allowed for less valuable consideration. *See Landmark Systems Inc. v. Delmar Redevelopment Corp.*, 900 S.W.2d 258, 262 (Mo.App.1995) (affirming trial court's rejection of unjust enrichment claim where plaintiff failed to adduce any evidence showing property was worth more than what third party paid).

Appellant relies on § 351.525, RSMo and § 428.020, RSMo in its argument for setting aside Resort Development's conveyances as fraudulent. As pointed out by Respondents, § 351.525 allows designated trustees of a defunct corporation to wind up business by selling assets and paying off creditors. Section 351.525(4), RSMo 1986. Whether Resort Development's statutory trustees complied with the statutory requirements is a finding of fact this Court must assume was made in accordance with the judgment. *Humphrey*, 890 S.W.2d at 22. Under the standard of review outlined above, such a finding was not error.

Because of the legitimacy of the conveyance to BOTL, Appellant's argument that the 1989 decree vesting title in MCA was invalid need not be addressed.[2]

To establish a cause of action under § 428.020, the creditor must show a conveyance by the debtor for the purpose of putting his assets beyond the reach of the creditor. *Springfield Gen. Osteopathic Hosp. v. West*, 789 S.W.2d 197, 201 (Mo.App. 1990). The burden of proof is on the creditor. *Id.* Fraud is never presumed when the transaction may be fairly reconciled with honesty. *Id.*

Here, there was substantial evidence to support a conclusion that no fraud occurred.

Few, if any, of the so-called "badges of fraud" were apparent. *Cf., Springfield Gen. Osteopathic Hosp.*, 789 S.W.2d at 202–203 (finding six "badges," including inadequate consideration and transaction different from the usual method of transacting business).

The parties agree that an ability to obtain a mechanic's lien on the disputed property would preclude obtaining an equitable lien. Appellant contends it was unable to perfect a mechanic's lien because it had no contract with the owners of the property and also because the legal description of some of the property was inaccurate.

As Respondents point out, § 429.010, RSMo 1986, entitles a creditor to a mechanic's lien if the work was performed under contract with the owner or his agent. Appellant alleged at trial and does not now dispute that it believed Resort Development to be acting as an agent on behalf of Respondents. Appellant could have, as Respondents note, attempted to perfect a lien against the property through dealing with the owner's agent.

Nor does a faulty legal description necessarily prevent perfection of a mechanic's lien. The mechanic's lien law is remedial in nature and is to be liberally construed. *Breckenridge Material Co. v. Byrnesville Const. Co., Inc.*, 842 S.W.2d 551, 552 (Mo.App.1992). Although a claimant must substantially comply with the statute in order to secure its benefits, the description of the property need not be letter perfect. *Id.* Rather, the description need only be sufficient to enable one familiar with the locality to identify the premises intended to be covered by the lien. *Id.*

Here, there is no contention or evidence to suggest that Respondents would be unable to identify the premises intended to be covered by the lien. Appellant has not demonstrated that it would have been unable to obtain a mechanic's lien. The trial court did not err in denying its request for an equitable lien.

Appellant's alternative theory that it should have been entitled to a constructive

---

**2.** It should be noted that Appellant has not established his right to challenge the 1989 decree to which Accurate was not a party.

trust hinges on the success of Appellant's unjust enrichment and fraud claims. As discussed above, those claims were properly rejected by the trial court.

The judgment is affirmed.

BARNEY, P.J., and GARRISON, J., concur.