**KILLIAN CONSTRUCTION CO., INC., Respondent,**

v.

**FRONTIER TOWN–MISSOURI, INC., et al., Defendants,**

and

**E.T. Archer Corporation, Inc., Appellant.**

No. 26230.

Missouri Court of Appeals, Southern District, Division Two.

May 4, 2005.

R. Clay Hagedorn, Starke Law Office, Blue Springs, for appellant.

Richard E. Walters, Blackwell Sanders Peper Martin LLP, Springfield, MO, for respondent Killian Const. Co.

Lee J. Viorel, Lowther Johnson, LLC, Springfield, MO, for respondent Dave Kolb Grading, Inc.

JOHN E. PARRISH, Presiding Judge.

E.T. Archer Corporation, Inc., (Archer) appeals a summary judgment that established the priority of certain liens imposed against buildings and other improvements located on real estate owned by Frontier Town–Missouri, Inc. (Frontier). The part of the judgment appealed declared that liens of Killian Construction Company, Inc., (Killian) and Dave Kolb Grading, Inc., (Kolb) took priority over Archer's lien except as to one acre. The trial court declared Archer's lien "equal priority as Killian and Kolb as to the one acre only." This court affirms and, for reasons hereafter set forth, remands for further proceedings.

This case was previously before this court. *See Space Planners Architects, Inc. v. Frontier Town–Missouri, Inc.,* 107 S.W.3d 398 (Mo.App.2003) (the first appeal). As applicable to this appeal, the first appeal resulted in the declaration that a judgment awarding liens to Archer, engineers, and Space Planners Architects, Inc., architects, was erroneously entered because the record did not substantiate that Archer or Space Planners Architects, Inc., were registered with the Missouri Board for Architects, Professional Engineers and Surveyors (the board).[1] The first appeal explained:

[A] review of the record discloses they did not include all essential facts in either their pleadings or motions for summary judgment. Specifically, both [Space Planners Architects, Inc.] and [Archer] failed to plead, and failed to include in their summary judgment motion a claim that they were registered with [the board] ... and had the certificate of authority required by § 327.401.2.[2] Without that essential element being pleaded and proven, neither ... showed themselves to be entitled to a judgment as a matter of law. Consequently, the trial court erred in sustaining their motions for summary judgment.

*Id.* at 403–04.

Following remand after the first appeal, Archer filed a further motion for summary judgment that included allegations and substantiation that Archer was certified as professional engineers to do business in Missouri when Archer commenced work on the project for Frontier. Thereafter, the trial court entered summary judgment for Archer that included imposition of a lien pursuant to § 429.015 on property owned by Frontier. The judgment declared "that Killian and Kolb have judgment against [Archer] limiting the priority of the [Archer] lien claim to one acre with equal priority as Killian and Kolb as to the one acre only ..." The trial court declared there was no just reason for delay in entry of judgment regarding the priority of liens as between Killian, Kolb, and Archer pursuant to Rule 74.01(b).

Appellate review of a summary judgment is essentially de novo. *ITT Com-*

1. This court's opinion in the first appeal should be read in conjunction with this opinion for an understanding of the facts and background that preceded the two appeals.

Facts not specifically related to the issues in this appeal are not restated in this opinion.

2. References to statutes are to RSMo 2000.

*mercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

> The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. *E.O. Dorsch Electric Co. v. Plaza Const. Co.*, 413 S.W.2d 167, 169 (Mo.1967). The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment. *Elliott v. Harris*, 423 S.W.2d 831, 834 (Mo. banc 1968); *Swink v. Swink*, 367 S.W.2d 575, 578 (Mo.1963).

*Id.*

Archer raises one point on appeal. Archer contends the trial court erred in entering judgment limiting its lien to one acre. Archer argues it "is entitled to a one acre [sic] lien for each improvement which would result in a lien covering the entire property...."

Section 429.015.1 provides, as applicable here:

> Every registered architect or corporation registered to practice architecture, every registered professional engineer or corporation registered to practice professional engineering, ... who does any landscape architectural, architectural, engineering or land surveying work upon or performs any landscape architectural, architectural, engineering or land surveying service directly connected with the erection or repair of any building or other improvement upon land *under or by virtue of any contract* with the owner or lessee thereof, or such owner's or lessee's agent, trustee, contractor or subcontractor, ..., upon complying with the provisions of this chapter, shall have for such person's landscape architectural, architectural, engineering or land surveying work or service so done or performed, a lien upon the building or other improvements and upon the land belonging to the owner or lessee on which the building or improvements are situated, *to the extent of one acre.* If the building or other improvement is upon any lot of land in any town, city or village, then the lien shall be upon such building or other improvements, and the lot or land upon which the building or other improvements are situated, to secure the payment for the landscape architectural, architectural, engineering or land surveying work or service so done or performed. For purposes of this section, a corporation engaged in the practice of architecture, engineering, landscape architecture, or land surveying shall be deemed to be registered if the corporation itself is registered under the laws of this state to practice architecture, engineering or land surveying. [Emphasis added.]

Archer's argument is simply that its work provided improvements throughout a 250–acre tract of land; that, therefore, the area on which the improvements were made was an area greater than a one-acre parcel on which the trial court would limit its lien. Archer argues that the limitation to one acre for its lien would grant protection for small projects but not large ones; that this is not what the legislature intended. The only case Archer cites in support of its claim is *Campbell v. Rickert*, 938 S.W.2d 282 (Mo.App.1997). The language in *Campbell* on which Archer relies is the statement that "[t]he mechanic's lien law is remedial in nature and is to be liberally construed." *Id.* at 286. However, as used by Archer, that statement is taken out of the context in which it was used in *Camp-*

*bell* and out of the context in which it was used in the case cited in *Campbell*, *Breckenridge Material Co. v. Byrnesville Const. Co., Inc.*, 842 S.W.2d 551, 552 (Mo.App. 1992).

The statement in *Campbell* and in *Breckenridge* relates to the accuracy of the description used in a lien statement to identify the property on which a lien was claimed. *Campbell* states with respect to the required description, "Although a claimant must substantially comply with the statute in order to secure its benefits, the description of the property need not be letter perfect.... Rather, the description need only be sufficient to enable one familiar with the locality to identify the premises intended to be covered by the lien." 938 S.W.2d at 286 (citations omitted). The substantial compliance to which *Campbell* alludes is the requirement that a "just and true account of the demand" required to be filed by a lien claimant with the circuit clerk includes "a true description of the property, or so near as to identify the same, upon which the lien is intended to apply." § 429.080. *Campbell* is of no assistance to Archer's claim of error in this case.

 "Mechanic's liens were unknown at common law or in equity." *Bush Const. Machinery, Inc. v. Kansas City Factory Outlets, L.L.C.*, 81 S.W.3d 121, 123 (Mo. App.2002). They are creatures of statutes. *Id.* Accordingly, their application is derived from the language of applicable statutes. Here, § 429.015.1 limits an engineer's lien derived from a contract to make improvements on land not within a municipality to a one-acre parcel. Archer's point is denied.

There is a further matter that requires attention in this case. The trial court did not include a description of the one acre on which Archer was to have a lien. However, neither Killian nor Kolb appealed the determination that Archer was entitled to a lien on a one-acre parcel on which Archer made improvements. The judgment declaring that Archer was entitled to a lien was entered pursuant to Rule 74.01(b) upon a finding by the trial court that there was no just reason for delay in entering judgment. Thus, other issues remain for determination by the trial court.

The judgment that is the basis of this appeal, as entered, is not enforceable due to its lack of definiteness regarding a location of the one acre on which the trial court determined Archer was entitled to a lien. This case must, therefore, be remanded for determination of the location of any property, consistent with this opinion, on which Archer may claim a lien under provisions of § 429.015. The trial court may find *Hill Behan Lumber Co. v. Dinan*, 786 S.W.2d 904 (Mo.App.1990), and *Paradise Homes, Inc. v. Helton*, 631 S.W.2d 51 (Mo.App.1981), instructive regarding this issue.

The judgment is affirmed with respect to the determination that any lien to which Archer is entitled is limited to a one-acre parcel. The case is remanded for further proceedings consistent with this opinion.

BATES, C.J., and SHRUM, J., concur.