————O————

| 58 | 551 |
| 34a | 449 |
| 58 | 551 |
| 104 | 598 |

## WILLIAM L. DURRETT, Plaintiff in Error, vs. WILLIAM PIPER, Defendant in Error.

1. *Covenant—Incumbrances—Dower.*—An inchoate right of dower constitutes an incumbrance within the meaning of a covenant against incumbrances.
2. *Dower—Husband living—Release—Grant—Assignment.*—A wife's dower interest during the life of the husband is a mere possibility, which may be released, but cannot be the subject of grant or assignment.
3. *Dower—Articles of separation—Covenant of indemnity.*—In articles of separation, A. covenanted to indemnify B. against the claims of B.'s wife for alimony and dower. B. afterwards, to procure his wife's signature to a deed of land, was compelled to pay her money. *Held*, that B. had no claim against A. on this account.

*Appeal from Saline Circuit Court.*

*Draffen & Williams*, for Plaintiff in Error.

I. An inchoate right of dower is an incumbrance amounting to a breach of the covenant against incumbrances. (Rawle on Cov. for Tit., 123; 2 Scrib. on Dow., 3, 4; Shearer vs. Ranger, 22 Pick., 447.)

*Shackelford & Strother, with Turner & Cupples*, for Defendant in Error.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff instituted suit against the defendant, alleging in his petition, that, being about to separate from his wife and wishing to provide for her support, he entered into a written agreement with his said wife and the defendant, who was her son-in-law, whereby he conveyed to defendant in trust, for the use of his wife, nineteen hundred and fifty-four dollars and seven cents in cash, together with certain other specified articles of house-hold goods; that defendant accepted the trust, and in consideration of the premises, covenanted to indemnify the plaintiff against all debts and contracts that his wife should thereafter make, "as well as against her claim of alimony, and dower in the lands and estate of the plaintiff." As a breach of this covenant it was alleged, that defendant failed to indemnify plaintiff against the wife's claim of dower in plaintiff's real estate; that plaintiff, after the agreement, sold certain lands to one Tyler, binding himself to make a good title, and delivered to him a deed executed by himself alone; that Tyler afterwards, learning that plaintiff's wife was entitled to dower in the land, refused to complete the contract, unless plaintiff's wife would relinquish her right of dower, and threatened to sue plaintiff for damages; that the wife refused to make such relinquishment, and to obtain the same plaintiff had to pay and did pay her the sum of one thousand dollars.

The answer admitted the agreement, and put in issue all the other allegations in the petition. It denied that defendant

Durrett v. Piper.

had failed to perform his covenants, and averred that he had always been and still was ready and willing to give plaintiff any indemnity against the alleged claim of dower, that might lawfully be required of him, but that the said wife had departed this life, in the life-time of plaintiff, without ever setting up or in fact having any claim of dower in the land, and that no such right of dower could ever arise, and that defendant could not be rightfully required to give any further indemnity.

The case was submitted to the court without the intervention of a jury, and the evidence tended to show that plaintiff sold the land to Tyler, who at the time of the purchase received a general warranty deed, executed by the plaintiff alone, paid part of the purchase money and secured the payment of the balance by a deed of trust. That nearly a year afterwards Tyler, for the first time, learned that plaintiff had a wife, who was entitled to dower, and went to see him on the subject, and insisted that he should either make the title right or take back the land. On consultation with the wife, she made no claim to dower, but refused to sign any instrument of relinquishment, on the ground that plaintiff owed her fifteen hundred dollars on account of interest, and that she had been advised by her agent, who formerly managed her property, not to sign or acknowledge any deed till the indebtedness was paid. An understanding was finally arrived at, by which plaintiff paid her one thousand dollars, and then she signed a deed duly relinquishing her right of dower. In about a month after this she died. The court found for the defendant.

It is unnecessary to enter upon a critical examination of the instructions. The declarations asked by the plaintiff were refused, and they were based upon the hypothesis that the facts disclosed by the pleadings and evidence constituted a breach of the defendant's covenant, and rendered him liable for the amount plaintiff paid to obtain the relinquishment. The converse of this proposition was assumed by the defendant's declarations which were given.

Whether the defendant is liable in this proceeding must depend upon the construction given to the covenant contained in the deed of separation. By the deed the defendant "covenants to, and with, and binds himself, his heirs, executors, and administrators to, the said William L. Durrett (plaintiff), to indemnify him, his heirs, executors, and administrators against all debts and contracts the said Mrs. Magdaline Durrett may make after this date, as well as her claim of alimony and dower."

Although formerly doubted, the later decisions seem to have established the principle, that an inchoate or contingent right of dower constitutes an incumbrance within the meaning of a covenant against incumbrances. But the covenant of the defendant in this case was not against incumbrances arising out of an expectant estate; nor was it a covenant that Mrs. Durrett should, at the request of the plaintiff, join in any instrument to accomplish the relinquishment of her dower.

It indemnified the plaintiff against any injury arising out of a claim of dower on the part of the wife, and that was all. A dower interest upon the part of the wife, whilst the husband is living, is an inchoate and contingent right. Its value depends wholly upon the death of the husband. If he survives his wife, she has no right which is transmissible; so long as the husband shall live it is only a right in legal contemplation, and being contingent it may never become vested.

It is a mere possibility which may be released, but cannot be the subject of grant, or assignment. The covenant being for an indemnity, against the claim of dower, it is obvious that no breach could happen till the contingency arose, which would legally vest in the wife a valid or substantial claim.

This could only be the case in the event that she survived her husband. As long as the husband lived, her estate was simply in contemplation or expectancy.

Had the husband died, whilst the wife was living, and during widowhood she had claimed and obtained dower, then there would have been a breach, for which the defendant would have been responsible. But as she preceded him in

death, no valid claim could arise. It is immaterial that she refused to relinquish, to enable the husband to make a good title upon a sale of the land; there was no agreement that she should do so.

Nor does it make any difference what her motive was for refusing, whether to coerce the payment of a debt which she claimed or not. It is a sufficient answer to say that the deed imposed on her no obligation to release her right.

Had the plaintiff contemplated selling at the time the deed was executed, he might have guarded against the predicament in which he subsequently found himself placed, but he did not do so, and he is now remediless.

The judgment should be affirmed; the other judges concur except Judge Vories, who is absent.