J. O. SWINK, (Plaintiff) Appellant,

v.

J. Ed SWINK, Myra Swink, Florence Swink Matthews, Lyman A. Matthews, (Defendants) Respondents.

No. 49264.

Supreme Court of Missouri,

Division No. 2.

April 8, 1963.

Motion for Rehearing or for Transfer to Court En Banc Denied May 13, 1963.

McClintock & Medley, Charles W. Medley, Flat River, for appellant.

Finch, Finch & Knehans, Lehman Finch, Cape Girardeau, Roberts & Roberts, Raymond S. Roberts, Farmington, for respondents.

BARRETT, Commissioner.

This is an action to recover $80,371.67 actual and punitive damages for alleged breach of covenant in a warranty deed. The plaintiff is Judge J. O. Swink and the defendants are two of his seven surviving brothers and sisters, J. Ed Swink and Florence Swink Matthews, and their respective spouses. The land out of which this controversy arose consists of a tract in Illinois, known as Moro Island, and three pieces of property in Missouri, apparently of lesser value, designated as the Fleming, Peers and Griffin tracts. Prior to the death of their parents, E. E. and Lillie Swink, in 1940, this and other property was part of an inter vivos trust created in 1935 by the parents for the benefit of their children or their descendants, which included the plaintiff and his now defendant brother and sister. It is not necessary to a determination of this appeal to accurately describe and record the history of each of these tracts of land, it is sufficient to say that there was a settlement and division of the trust property among the heirs of E. E. and Lillie Swink. And the plaintiff and his brother Emmett D. Swink once had the title to these particular properties because on December 28, 1938, for a recited consideration of $20, they and their wives by warranty deed conveyed the property to the defendant brother and sister "Florence Swink Matthews and J. Ed Swink, Trustees." The habendum clause in this deed contained the usual covenants of seizin in fee, right to convey and freedom from encumbrances. It also recited the customary warranty "against the lawful claims and demands of all persons whomsoever." Thereafter, on May 29, 1940, the now defendants J. Ed Swink and Mrs. Matthews, together with her husband Lyman and his wife Myra, as parties of the first part joined in a con-

veyance, to illustrate, of Moro Island, to J. O. Swink for a recited consideration of $21,000. While this deed was signed and executed by both husband and wife and there was a warranty to defend against "the lawful claims and demands of all persons whomsoever," the covenant was that "the said J. Ed Swink and Florence Swink Matthews, *Trustees*, hereby covenanting * * *." This suit for actual and punitive damages is based upon this deed and its covenants.

In his petition the plaintiff alleges as a breach of the covenants that on April 6, 1959, Alma Swink Paulson, another sister and a resident of Bryan, Texas, instituted an action against him in the United States District Court for the Eastern District of Missouri claiming that she "was the owner in fee of ⅓ of the above real estate" and was also entitled to ⅓ of the proceeds ($225,000) of a sale by him to Kaiser Aluminum Company of the mineral rights in Moro Island. He alleges that by reason of this suit by his sister he was compelled to employ counsel and finally "was compelled to purchase the outstanding ⅓ interest of Alma Swink Paulson in said real estate for a consideration of $50,000," and that by reason of this failure of title he was entitled to recover from these defendants $30,371.-67 and costs, and because of their willful and malicious representations $50,000 punitive damages.

In response to the plaintiff's two-count petition each defendant has filed a separate answer. In general the answers admit the execution of the deed but set up the action by Mrs. Paulson in federal court and state that the purpose of that action was to assert and establish her right to a one-third interest in the property and to impress a constructive trust upon the title held by plaintiff. The allegations of Mrs. Paulson's petition were set forth; in these she asserted that when the trust estate was distributed this particular property was conveyed to J. O. Swink, it being understood that he, Ruth Swink Clark, another sister, and Mrs.

Paulson "were each the owner of a one-third (⅓) undivided interest therein." Thereafter each defendant filed a motion for summary judgment, together with affidavits, exhibits and depositions, particularly from Mrs. Paulson's federal court case. The plaintiff filed an affidavit in opposition to the defendants' motions for summary judgment, and, subsequently, he also moved for summary judgment.

Upon the submission of the motions for summary judgment the trial court found and decreed that the defendants did not warrant the title to the property conveyed to plaintiff "in their capacity as individuals." The court found that Mrs. Paulson's suit "was not an attack on the title" of plaintiff, but, by reason of an agreement that he would hold the property for the benefit of Mrs. Clark and Mrs. Paulson, was "a suit to impress a trust on the title of J. O. Swink." In addition, for reasons to be noted, the court found that the defendants "were not guilty of any breach of warranty." The court having determined that there was "no genuine issue of facts to be determined under plaintiff's petition and defendants' answers" sustained the defendants' motions for summary judgment, and it is from the judgment entered upon this order that the plaintiff has appealed.

The parties to this cause have not insisted as they did in Jacobson v. Vestal, Mo., 361 S.W.2d 677, that the appeal be determined, whether properly applicable or not, upon the motion for summary judgment and particularly upon the accompanying depositions. The briefs do not comply with rule 83.05, V.A.M.R.; failure to plainly correlate abstract rules or statements to the facts or to the court's ruling has obscured the meritorious determinative issues. See Stone, "Effective Appellate Briefs," 15 Journ.Mo.Bar, 80, 84–88. Despite the lack of consistent articulated theory the appellant in effect contends, especially in view of his counteraffidavit, that there was an issue of fact to be determined and that therefore summary judgment procedure was not

applicable because, in the language of the rule, the defendants have not shown "by unassailable proof to be entitled thereto as a matter of law." Sup.Ct.Rule 74.04. This essentially is the equivalent of reviewing a court tried or equity case, and eventually of resolving the always open question of the sufficiency of the evidence to support the judgment upon any possible theory and finally of entering such judgment upon the record as the trial court "ought to have given." Sup.Ct.Rules 73.01, 83.13. It is not necessary in this view to consider summary judgment procedure in detail, it is sufficient to note that a summary judgment is a determination as a matter of law that there is no issue of fact to be tried. Gruenewaelder v. Wintermann, Mo., 360 S.W.2d 678; Ieppert v. John Hancock Mutual Life Ins. Co., Mo.App., 347 S.W.2d 436. And here as is often the case "Many of the decisions relating to motions for summary judgment involve simply the determination whether there is an issue of fact to be tried or whether the moving party is entitled to judgment as a matter of law." 3 Barron & Holtzoff, Federal Practice and Procedure, Sec. 1247, p. 212. In this connection it is safe to venture the suggestion that if as a matter of law the judgment is sustainable upon any theory it is immaterial that some of the facts found or reasons stated by the trial court were not well founded.

■ Considering first the instrument itself, the deed of May 29, 1940, from the defendants to the plaintiff. It does not appear in what capacity the plaintiff took title, the conveyance to him is without reservation and in fee. It is signed first, however, by J. Ed and Mrs. Matthews, "Trustees," and again by J. Ed and his wife Myra and Mrs. Matthews and her husband Lyman. In the beginning there is the recital of J. Ed and Mrs. Matthews, "Trustees," and J. Ed and Mrs. Matthews, together with their spouses "parties of the first part." But neither the spouses nor J. Ed and Mrs. Mat-

thews as individuals join in the covenants and warranties of the habendum clause, there is the recital that "the said J. Ed Swink and Florence Swink Matthews, Trustees, hereby covenanting * * *." This fact alone may be sufficient to exonerate Myra Swink and Mr. Matthews, but it is not necessary to consider the effect of signing and covenanting as "trustee" or the purpose and effect of the husband and wife of trustees joining in a conveyance. And it is not deemed necessary to consider the nature of covenants and their violation (Annotation 5 A.L.R. 1084), in general a covenant of warranty "is an assurance or guaranty of title." Annotation 172 A.L.R. 18, 20. It may be assumed for the purposes of this opinion that when the defendants conveyed land to their plaintiff brother by warranty deed and he was subsequently compelled, eighteen years later, to buy another sister's outstanding one-third interest, that technically, if not in fact, there was a breach of the covenants of warranty. But the problem is whether in view of the conceded or indisputable facts of this record the defendant grantors are liable in actual and punitive damages to the plaintiff for that breach.

For its inferential, if not direct, bearing an additional undenied factor may be noted. In their motions for summary judgment the defendants assert that in 1938 title to this property was in the appellant and his brother Emmett, that they conveyed to the defendants and that since then the defendants have "made no conveyances and having had no transactions of any kind whatsoever affecting the real estate." Thus there is the twofold inference, if there was an outstanding interest or a breach of covenant, that the interest was outstanding and the breach existed when the appellant previously held title to the property and, second, that the defect was certainly not brought about or caused by the defendants. Upon this phase of the cause the cases relied on by the appellant serve only to illustrate the general rule. In those cases, for example,

the grantors conveyed and there was an omission of dower and this breach of covenant was recognized by the court even though the deficiencies did not appear from the muniments of title. Walker's Adm'r v. Deaver, 79 Mo. 664; Durrett v. Piper, 58 Mo. 551.

In his affidavit in opposition to the defendants' motion for summary judgment the appellant asserts that he purchased the property from them on May 29, 1940, for a total consideration of $33,400. And then he deposes "(3) That plaintiff had no knowledge of any agreements between defendants and Alma Swink Paulson or other persons that Alma Swink Paulson's interests or the interests of other persons in said real estate would be reserved to such persons notwithstanding the execution of the warranty deeds," "(4) That plaintiff had no agreement with Alma Swink Paulson or other persons that he would receive their interests in said real estate" and "(5) That plaintiff had no agreement with defendants that he was accepting anything from defendants except fee simple title to said real estate for plaintiff's sole benefit." Conclusional, if not equivocal, statements 4 and 5 are hardly serious denials of the facts set forth in the defendants' motions, particularly with respect to the force and effect of Mrs. Paulson's suit in the federal court. Statement number 3, that he had no knowledge of any agreement between the defendants and Mrs. Paulson or other persons that her interest "would be reserved to such persons notwithstanding the warranty deeds," is entirely beside the point. There is no claim by anyone that Mrs. Paulson's interests were reserved to the defendants, the problem is whether the defendants are liable to the plaintiff in damages for these circumstances as a breach of the covenant of warranty.

■ As indicated, the appellant's inconclusive counteraffidavit is hardly a denial of the validity of Mrs. Paulson's claim that while he once had the legal title his sisters Mrs. Clark and Mrs. Paulson as a matter of fact each owned a one-third interest in this very property. In May 1945 he said this to Mrs. Paulson, "about the deeds—when our parents estate was divided in May 1940 I received the deeds from Florence and Ed, the then trustees, for those lands that you, Ruth and I received, in accordance with our understanding at the time and you and Ruth and I each own an undivided one-third interest in all of these properties—in the event that you should die your one-third interest would pass to your sons unless you would will it otherwise; * * *." If these interests and Mrs. Paulson's claim were outstanding and the plaintiff had knowledge of them the fact of his knowledge would not necessarily defeat his right to rely on the covenant of warranty in the respondents' warranty deed, but "Such knowledge may be considered, however, in determining whether it was intended that the covenant should extend to such defect." 21 C.J.S. Covenants § 38, p. 908.

To further illustrate the inconclusiveness of the appellant's counteraffidavit and to demonstrate from facts which appear "without substantial controversy" (Sup.Ct.Rule 74.04(d)) that the respondents are entitled to judgment as a matter of law within the meaning of the rule, specific reference, without interpolated comment other than supplied emphasis, is made to excerpts from the argument section of the appellant's brief. "Plaintiff being familiar with the trust and the power of the trustee would take the property, subject to any breach of that power. * * * That Mrs. Paulson was claiming an interest in the property, regardless of any agreement with plaintiff, is shown by paragraph 4 of her complaint * * * in which she alleged she was entitled to a one-seventh interest in the trust estate, *and by agreement between all of the parties she was entitled to a one-third interest in certain real estate involved in the present suit. Plaintiff had knowledge of Mrs. Paulson's interest in the trust estate,*

**580**

*and may have recognized that defendant(s) could not convey her interest without her consent.* However, he intended to purchase full legal title and he apparently assumed that trustee would pay Mrs. Paulson for her interest. The trustees apparently advised plaintiff that they were conveying full legal title to him and at the same time advising Mrs. Paulson that her interest was being transferred to plaintiff. * * * In conclusion plaintiff believes that the trial court has attempted to pass on defendants' motion for summary judgment as he would in passing on an equity case. * * * Plaintiff submits that one of the factual issues in this case is the question of whether or not plaintiff was to take partial title for Mrs. Paulson or whether he was to purchase fee simple title for himself. The trial court has apparently erroneously attempted to pass on this issue" (contrary to the meaning and purposes of the summary judgment rule).

In addition, the undenied compelling factor is that if Mrs. Paulson had a valid claim to a one-third interest in the property which the appellant was compelled to purchase, that outstanding interest was by reason of his conduct and not because of some act or conduct on the part of his grantors or by reason of their breach of covenant. "In such a deed the grantor's warranty is against judgments taken against the grantor. We know of no case where a warranty deed warranting against judgments has been held to warrant against judgments outstanding against the grantee. * * * A grantor warrants against his own obligations or judgments outstanding against him, and not against those outstanding against his grantee, unless such intention should be expressed in the instrument." Storm v. Garnett, 99 Okl. 284, 292, 227 P. 417, 424. Compare the cases cited in 172 A.L.R. 1. c. 80–88. In these circumstances and as between these parties it appears from the tacitly conceded, if not incontestable, facts that as a matter of law the appellant is not entitled to recover in this action and the judgment is, therefore, affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All of the Judges concur.