**SHELTER MUTUAL INSURANCE CO., Plaintiff–Appellant,**

v.

**STATE FARM MUTUAL AUTO INS. CO., Defendant–Respondent.**

No. 27956.

Missouri Court of Appeals,
Southern District,
Division One.

May 29, 2007.

Michael J. Patton, Matthew J. Growcock, Turner, Reid, Duncan, Loomer & Pattpn, P.C., Springfield, for appellant.

Monte P. Clithero, Kevin M. FitzGerald, Taylor, Stafford, Clithero, FitzGerald & Harris, LLP, Springfield, for respondent.

JOHN E. PARRISH, Judge.

Shelter Mutual Insurance Co. (Shelter) appeals a summary judgment in favor of State Farm Mutual Auto Insurance Co. (State Farm) in an action Shelter brought seeking contribution for damages Shelter paid as a result of a one-vehicle automobile accident. The driver of the automobile was an insured under terms of both an insurance policy issued by Shelter and an insurance policy issued by State Farm. This court reverses and remands.

Our review [in an appeal from summary judgment] is essentially de novo. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. *E.O. Dorsch Electric Co. v. Plaza Const. Co.,* 413 S.W.2d 167, 169 (Mo.1967). The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment. *Elliott v. Harris,* 423 S.W.2d 831, 834 (Mo.banc 1968); *Swink v. Swink,* 367 S.W.2d 575, 578 (Mo.1963). *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo.banc 1993). The parties to this appeal have stipulated that there is no genuine issue of material fact for determination.

Misty Rosewicz was driving a Ford Ranger truck owned by Randy Hughes and Kay Hughes when the accident occurred. Misty had permission to use the vehicle. A passenger, Hunter McKnee, was injured in the accident and the Ford Ranger was damaged.

Mr. and Mrs. Hughes had a liability insurance policy that covered their vehicle. The policy was issued by Shelter. Misty

was an insured under the terms of Shelter's policy as a permissive user of the vehicle. Misty was also an insured under the terms of a policy of insurance she had procured from State Farm. The State Farm policy insured Misty's use of the Hughes' vehicle as a non-owned car.

Shelter paid Randy Hughes and Kay Hughes for the property damage their vehicle sustained. Shelter paid $3,500 to settle the property damage claim. Shelter settled the personal injury claim of the passenger, Hunter McKnee, for $3,617.50. This action seeks contribution for those settlements.

Shelter's policy and State Farm's policy have provisions directed to situations in which losses are covered by more than one policy. The policies provide that when there is other coverage in circumstances like those in this case, each insured's coverage is excess.

Shelter's policy (the Hughes' policy) states:

INSURANCE WITH OTHER COMPANIES

If there is other insurance which covers the **insured's** liability with respect to a **claim** also covered by this policy, Coverages A [for bodily injury] and B [for property damage] of this policy will apply only as excess to such other insurance.

State Farm's policy (Misty Rosewicz's policy) provides:

3. **Temporary Substitute Car, Non-Owned Car, Trailer**

If a *temporary substitute car,* a *non-owned car* or a trailer designed for use with a *private passenger car* or *utility vehicle* has other vehicle liability coverage on it, then this coverage is excess.

Insurance policies are contracts subject to rules of construction applicable to contracts in general. *Miller v. Farm Bureau Town & Country Ins. Co. of Missouri,* 6 S.W.3d 432, 437 (Mo.App.1999).

The trial court's judgment included the finding that "when presented with virtually identical 'excess' other insurance clauses in two standard automobile policies, the primary coverage follows the owner of the automobile." State Farm's motion for summary judgment was granted. The trial court concluded that *United States Fidelity and Guaranty Co. v. Safeco Ins. Co. of America,* 522 S.W.2d 809 (Mo.banc 1975), was the controlling authority in this case; that it required the trial court to grant State Farm's motion for summary judgment.

Shelter's first point on appeal contends the trial court erred in granting summary judgment for State Farm because Shelter's policy and State Farm's policy contained mutually repugnant excess "other insurance" clauses. Shelter argues in Point I "that in such a situation the mutually repugnant excess 'other insurance' clauses are disregarded and the insurance companies share liability on a pro-rata basis."

Each policy of insurance purports to impose primary liability on the other company. As such, as in *Shelter Mut. Ins. Co. v. American Family Mut. Ins. Co.,* 210 S.W.3d 338 (Mo.App.2006), the excess liability clauses are in conflict, or repugnant, with each other. In that case, American Family made the same argument that State Farm makes here; that United States Fidelity, supra, is the controlling authority and places primary liability on the automobile owner's insurance rather than on the non-owner operator's insurance. The Eastern District of this court distinguished the facts in *United States Fidelity* from facts comparable to those in this case and concluded that the holding in *United States Fidelity* was not applicable.

*See Shelter Mut. Ins. Co. v. American Family Mut. Ins. Co.,* supra at 340–41. The Eastern District held:

> Following contract law, Missouri courts have consistently held that where two policies have competing excess insurance clauses, they are treated as mutually repugnant and disregarded. *See, e.g., Heartland Payment Systems, LLC v. Utica Mutual Insurance Co.,* 185 S.W.3d 225, 231 (Mo.App. E.D.2006); *Rader v. Johnson,* 910 S.W.2d 280, 285 (Mo.App. W.D.1995); [State Farm Mut. Auto Ins. Co. v.] *Universal Underwriters Ins. Co.,* 594 S.W.2d [950] at 958 [ (Mo.App.1980) ]. Once the clauses are disregarded, liability is apportioned between the insurers pro-rata based on the percentage of total liability each provides. *Rader,* 910 S.W.2d at 285.

*Id.* at 341–42.

This court finds the holding in *Shelter Mut. Ins. Co. v. American Family Mut. Ins. Co.,* supra, is determinative of Point I. The insurance clauses in the two policies are mutually repugnant. As such, the trial court erred by not disregarding them and apportioning liability on a pro-rata basis. Point I is granted.

Point II asserts, as was asserted and determined in Point I, that the trial court erred in entering judgment for State Farm because the clauses in the applicable insurance policies were mutually repugnant and require each insurer to share the losses incurred on a pro-rata basis. Shelter further asks in Point II for this court to calculate the amount State Farm should be required to contribute to the settlement of the claims that arose from the accident in question. The trial court was not afforded the opportunity to make that determination; therefore, the question is not before this court for review. *See Khulusi v. Southwestern Bell Yellow Pages, Inc.,* 916 S.W.2d 227, 230–31 (Mo.App.1995). Point

II is dismissed. The judgment is reversed. The case is remanded for further proceedings consistent with this opinion.

RAHMEYER, P.J., and SCOTT, J., concur.