

# Missouri Court of Appeals

## Southern District

### Division One

DEBORAH A. STRATMAN and )
TIMOTHY M. STRATMAN, )
)
    Plaintiffs-Respondents, )
)
vs. ) No. SD32679
)
HAZEL I. WAGNER, ) **Filed: April 29, 2014**
)
    Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF MARIES COUNTY

Honorable Tracy L. Storie, Senior Judge

**<u>AFFIRMED</u>**

The trial court granted Deborah A. and Timothy M. Stratman ("Lessors") summary judgment against Hazel I. Wagner ("Tenant") for immediate possession of a home occupied by Tenant on Lessors' claim of unlawful detainer. Tenant appeals, and challenges the trial court's grant of summary judgment in two points: (1) Lessors "did not plead or prove that [a] condition [permitting early termination of Tenant's lease agreement] had been met," and (2) there was a genuine issue of material fact that precluded judgment for Lessors as a matter of law because the language "if either Leonard E. Wagner or Hazel I. Wagner does not live there for sixty (60) continuous

1

days" is "ambiguous" and "supports an inference" Lessors were able to terminate Tenant's lease agreement "only if either lessee moved out of the property." We deny both of Tenant's points, and affirm the trial court's grant of summary judgment in favor of Lessors. For clarity of analysis, we address Tenant's second point first.

**Facts and Procedural History**

In a two-count complaint filed in the associate circuit division on February 17, 2012, Lessors sought immediate possession of a home occupied by Tenant under a lease agreement entitled House Lease. Lessors pled that (1) they owned the home subject to the House Lease, (2) Tenant "leased the [home] from [Lessors] pursuant to the House Lease," (3) the term of the House Lease was "[t]his Lease is for the lifetimes of Leonard E. Wagner and Hazel I. Wagner, provided that it may be terminated by Lessor if either Leonard E. Wagner or Hazel I. Wagner does not live there for sixty (60) continuous days or upon breach of this agreement by either of them," (4) "Leonard E. Wagner passed away on December 1, 2010, and as such, he has not lived [in the home] since that date," (5) as a result, Lessors "are entitled to terminate the House Lease pursuant to its terms," (6) Lessors "notified [Tenant] that the House Lease was being terminated and that [Tenant] would need to move from the property on or before May 1, 2011," and (7) Tenant "continues to reside [in the home], and has continuously failed and refused to move from the [home] in spite of [Lessors'] demand." In her answer, Tenant admitted the factual averments in numbered paragraphs (1), (4), and (7), admitted that Tenant and Leonard E. Wagner executed the House Lease, stated that "the House Lease speaks for itself," denied that Lessors were entitled to terminate the House lease, and admitted that

Lessors "sent certain letters to [Tenant]." The House Lease was attached to the complaint, and shows it was executed in October 2008.

Lessors subsequently dismissed Count I, which left Count II (unlawful detainer of the home) as Lessors' sole claim.

Following a trial to the court, an associate circuit judge entered judgment in favor of Tenant against Lessors in June 2012.

Lessors then filed an application for a trial *de novo*, and subsequently filed a motion for summary judgment. Lessors and Tenant submitted Lessors' motion for summary judgment on the pleadings, affidavits, exhibits, and memorandum contained in the court file, and, on February 26, 2013, the circuit court entered judgment in favor of Lessors for immediate possession of the home on Lessors' claim of unlawful detainer.

Based on Lessors' statement of uncontroverted material facts and Tenant's response to that statement, the following facts are uncontroverted in this case:

1. Lessors are the "record owners" of the home subject to the House Lease.

2. Tenant and Leonard E. Wagner executed the House Lease in 2008.

3. Paragraph 1 of the House Lease states "[t]his Lease is for the lifetimes of Leonard E. Wagner and Hazel I. Wagner, provided that it may be terminated by Lessor if either Leonard E. Wagner or Hazel I. Wagner does not live there for sixty (60) continuous days or upon breach of this agreement by either of them."

4. Leonard E. Wagner "passed away on December 1, 2010, and . . . he has not lived [in the home] since that date."

5. Tenant received a letter from Lessors dated January 20, 2011 that stated in part:

[W]e are letting you know we are ending any leasing relationship as our plans for the house and property have had to change. We believe the present situation is jut too detrimental to continue as it is. We will shut the house and property down as of May 1, 2011, including all utilities, so we can plan on starting the preparation of it's [sic] eventual disposition.

This letter will also serve as notice from the date of January 20, 2011 of more than 90 days of an implied surrender to end the tenancy of any landlord-tenant relationship between you and ourselves by May 1, 2011.

6. Tenant "did not move from [the home] on or before May 1, 2011," and "continues to reside [in the home], and has continuously failed and refused to move from the [home] in spite of demand by [Lessors]."

**Standard of Review**

Under Rule 74.04(c),[1] a moving party is entitled to summary judgment if the summary judgment record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 74.04(c)); *ITT Commercial Finance Corporation v. Mid-America Marine Supply Corporation*, 854 S.W.2d 371, 380-82 (Mo. banc 1993). A "genuine issue":

> exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts. A "genuine issue" is a dispute that is real, not merely argumentative, imaginary or frivolous. Where the "genuine issues" raised by the non-movant are merely argumentative, imaginary or frivolous, summary judgment is proper.

*ITT*, 854 S.W.2d at 382.

> In reviewing whether the trial court properly granted summary judgment, we:

> review the record in the light most favorable to the party against whom judgment was entered. *Zafft v. Eli Lilly*, 676 S.W.2d 241, 244 (Mo. banc 1984); Cooper v. Finke, 376 S.W.2d 225, 228 (Mo.1964). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Cherry v. City of Hayti Heights*, 563 S.W.2d 72, 75

---

[1] All references to rules are to Missouri Court Rules (2014).

4

(Mo. banc 1978); *Dietrich v. Pulitzer Publishing Company*, 422 S.W.2d 330, 333 (Mo.1986). We accord the non-movant the benefit of all reasonable inferences from the record. *Martin v. City of Washington*, 848 S.W.2d 487, 489 (Mo. banc 1993); *Madden v. C & K Barbecue Carryout, Inc.*, 758 S.W.2d 59, 61 (Mo. banc 1988).

Our review is essentially de novo. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. *E.O. Dorsch Electric Co. v. Plaza Const. Co.*, 413 S.W.2d 167, 169 (Mo.1967). The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment. *Elliott v. Harris*, 423 S.W.2d 831, 834 (Mo. banc 1968); *Swink v. Swink*, 367 S.W.2d 575, 578 (Mo.1963).

*Id.* at 376.

*Point II – Summary Judgment Was Proper*

In her second point, Tenant claims there was a genuine issue of material fact that precluded judgment for Lessors as a matter of law because the language "if either Leonard E. Wagner or Hazel I. Wagner does not live there for sixty (60) continuous days" is "ambiguous" and "supports an inference" Lessors were able to terminate the House Lease early "only if either lessee moved out of the property." We reject this point because we find that the language at issue is not ambiguous, and authorized Lessors to terminate the House Lease early following Leonard's death.

**Applicable Legal Principles**

In order to be entitled to summary judgment on their claim Tenant unlawfully detained the home, Lessors were required to prove as a matter of law that Lessors were "lawfully possessed" of the home, and that Tenant "unlawfully detained" the home. Section 534.200, RSMo 2000.

5

We review:

> the language of a lease de novo in order to determine the parties' intent. *Brittany Sobery Family Ltd. Partnership v. Coinmach Corp.*, 392 S.W.3d 46, 50 (Mo.App.2013). When interpreting leases, this Court applies the rules of construction governing contracts. *Id.* First we examine the plain and ordinary meaning of the language used in the lease to determine if it clearly addresses the disputed matter. *Id.* An ambiguity must come from within the four corners of the contract; it cannot be created by the use of extrinsic, or parol, evidence. *ATC Co., Inc. v. Myatt*, 389 S.W.3d 732, 735 (Mo.App.2013). . . . [I]f the language of a lease is ambiguous, courts will look to the language in the context of the entire lease and parol evidence to ascertain the parties' intent. *Coinmach*, 392 S.W.3d at 50. A contract is ambiguous or unclear if its language is reasonably susceptible to more than one interpretation giving the words their plain and ordinary meaning as understood by the average, reasonable person. *Id.* Once an ambiguity is determined to exist, the parties' intent can be ascertained through the use of extrinsic evidence. *ATC Co.*, 389 S.W.3d at 735–36. Resolution of an ambiguity through the use of extrinsic evidence is a question of fact. *Id.* at 736.

***Central Stone Co. v. Warning***, 412 S.W.3d 908, 912 (Mo. App. E.D. 2013).[2] Further,

our Supreme Court has stated:

> the Court must ascertain the intent of the parties by looking at the words of the contract and giving those words their plain, ordinary, and usual meaning. *State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 859–860 (Mo. banc 2006). The "intent of the parties . . . is determined based on the contract alone unless the contract is ambiguous." *Trimble v. Pracna*, 167 S.W.3d 706, 714 (Mo. banc 2005) (citing *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261, 264 (Mo. banc 1973)).
>
> "[A] contract is only ambiguous, and in need of a court's interpretation, if its terms are susceptible to honest and fair differences." *Schneider*, 194 S.W.3d at 860. "A contract is not ambiguous merely because the parties disagree as to its construction." *Id.* "An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions." *Seeck v. Geico General Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007) (quoting *Gulf Ins. Co. v. Noble Broadcast*, 936 S.W.2d 810, 814 (Mo. banc 1997)).

---

[2] In her brief, Tenant states that "[w]hether the language in the House Lease is ambiguous is a question of fact[.]" Tenant is mistaken. Although resolution of an ambiguity through the use of extrinsic evidence is a question of fact, "[t]he issue of whether a contract is ambiguous is a question of law." ***Smith v. Taylor-Morley, Inc.***, 929 S.W.2d 918, 921 (Mo. App. E.D. 1996).

6

*Ethridge v. TierOne Bank*, 226 S.W.3d 127, 131 (Mo. banc 2007).

## Analysis

In this case, the House Lease created a lease of the home for the "lifetimes of Leonard E. Wagner and Hazel I. Wagner, provided that it may be terminated by Lessor if either Leonard E. Wagner or Hazel I. Wagner does not live there for sixty (60) continuous days." The plain and ordinary meaning of the phrase "may be terminated by Lessor if either Leonard E. Wagner or Hazel I. Wagner does not live there for sixty (60) continuous days" is clear and is not ambiguous. The phrase means what it says – i.e., Lessors have the right at their option to terminate the House Lease early if either Leonard or Tenant "does not live there for sixty (60) continuous days." Under the language used, the reason Leonard or Tenant "does not live there" is irrelevant – it is sufficient if one in fact "does not live there" for the required period.

The uncontroverted facts in this case include the facts Leonard "passed away on December 1, 2010, and . . . he has not lived [in the home] since that date." These facts establish as a matter of law that Lessors were authorized to terminate the House Lease effective May 1, 2011, and, in combination with the other uncontroverted facts in the case, establish as a matter of law the elements of Lessors' action for unlawful detainer – i.e., that Lessors "lawfully possessed" the home and Tenant "unlawfully detained" the home – and Lessors' right to summary judgment.

Tenant's second point is denied.

*Point I – Condition Giving Lessors Right To Terminate House Lease Early Was Properly Pled and Proved*

7

**Analysis**

In her first point, Tenant argues that Lessors "did not plead or prove that the condition [permitting early termination of the House Lease] had been met."

The short answer to Tenant's first point is that Lessors specifically pled in their Verified Complaint (1) the language of the House Lease that permits early termination of the lease "if either Leonard E. Wagner or Hazel I. Wagner does not live there for sixty (60) continuous days," (2) that Leonard E. Wagner had not lived in the home since his death on December 1, 2010, and (3) that, as a result, Lessors were entitled to terminate the House Lease. In addition, as explained in our discussion of Tenant's second point, the uncontroverted facts in the case prove that the condition permitting early termination of the House Lease was met, and Lessors are entitled to judgment as a matter of law. Tenant's first point is denied.

The trial court's judgment granting summary judgment to Lessors is affirmed.

Nancy Steffen Rahmeyer, P.J. – Opinion Author

Daniel E. Scott, J. – Concurs

William W. Francis, Jr., C.J. – Concurs