

# Missouri Court of Appeals
## Southern District

In Division

DONALD W. INGRUM, AS PERSONAL )
REPRESENTATIVE OF THE ESTATE )
OF RALPH M. ORTHWEIN, )
                                           )
        Appellant, )       No. SD38338
                                           )
v. )       **Filed: December 17, 2024**
                                           )
CFM INSURANCE, INC., )
                                           )
        Respondent. )

APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Jeffrey M. Merrell, Judge

**<u>AFFIRMED</u>**

## Introduction

       This case arises out of the trial court's grant of summary judgment in favor of CFM Insurance, Inc. ("Insurance Company") on Counts 1 through 4 of the amended petition of the estate of Ralph M. Orthwein ("the Estate"), and its dismissal of Count 5 of the Estate's amended petition. Each of the Estate's claims depend on Insurance Company *not* being subject to section 380.511, which exempts mutual insurance companies organized under sections 380.201 to 380.591 from certain insurance laws,

including vexatious-refusal-to-pay claims and valued-policy claims.[1] *See* § 380.511. There is no dispute that Insurance Company is organized as a Chapter 380 mutual insurance company and received a Certificate of Authority from the Department of Insurance, Financial Institutions and Professional Registration ("the Department") to operate as a mutual insurance company under Chapter 380 in June 2010. The sole dispute in this case is whether the Estate sufficiently controverted Insurance Company's material fact that it was "operating under" Chapter 380 by relying on an exhibit from the Department that stated Insurance Company had failed to file amended corporate documents with the Department in 2017. According to the Estate, Insurance Company's failure to file amended corporate documents in compliance with Chapter 380 means there is a genuine issue of material fact as to whether Insurance Company was "operating under" Chapter 380. The Estate is incorrect because the exhibit relied on by the Estate does not demonstrate Insurance Company was no longer operating under Chapter 380. The Estate has failed to show the existence of a material fact that precludes summary judgment. We affirm the judgment.

## Background

In 2017, Ralph M. Orthwein ("Decedent") purchased a homeowners' insurance policy from Insurance Company, which included coverage for Decedent's dwelling and personal property from risk of loss from fire. In December 2017, while the policy was in force, Decedent's home and its contents were destroyed by fire. Insurance Company paid Decedent the policy limits, minus the deductible, for the loss of his dwelling. Insurance Company did not pay insurance benefits for the contents of the dwelling

---

[1] A vexatious-refusal-to-pay claim is a statutory claim arising out of section 375.420. A valued-policy claim is likewise statutory, arising out of section 379.140. All statutory citations are to RSMo (2016).

because Decedent never completed an inventory of the items lost in the fire, as required by the policy, despite Insurance Company providing Decedent with multiple opportunities to complete the request.

In July 2020, Decedent died, and the Estate sued Insurance Company for five counts related to Insurance Company's failure to pay the policy limits for the contents of the dwelling. These Counts are: (1) a claim for declaratory judgment that Insurance Company was not exempt under Chapter 380 from either the Chapter 379 valued-policy statute or vexatious-refusal-to-pay statute; (2) breach of contract for Insurance Company's failure to pay the policy limit for Decedent's unknown personal property; (3) Insurance Company's failure to pay for loss of Decedent's unknown items of personal property, alleging the vexatious-refusal-to-pay statute authorized a separate cause of action; (4) a claim for fraud and deception, because Insurance Company made several requests that Decedent itemize personal property; and (5) intentional infliction of emotional distress.

Insurance Company moved for partial summary judgment on Counts 1-4 of the Estate's petition and dismissal of Count 5. Insurance Company argued it was entitled to summary judgment as a matter of law on the Estate's first four counts because Insurance Company is a mutual insurance company organized and operating under Chapter 380, which exempts it from Missouri's vexatious-refusal-to-pay and valued-policy statutes.

The Estate, in its "Response to Insurance Company's Statement of Uncontroverted Material Facts[,]" attempted to controvert whether Insurance Company was "operating under" Chapter 380 by stating:

> Upon information and belief, since 2010, <u>Defendant [Insurance Company] has **not** been operating as a "mutual" insurance company under §§ 380.011 to 380.151 of Chapter 380 of the Revised Statutes of Missouri.</u> . . . [A]s detailed more specifically below, ***whether Defendant [Insurance Company] may or <u>may not</u> be operating under §§ 380.201 to 380.601 is a fact-dependent, <u>genuine issue</u>***

3

***of material fact that is subject to reasonable dispute in this*** ***litigation.*** If Defendant [Insurance Company] has not been lawfully operating under Chapter 380 then, as a matter of law, [Insurance Company] would not be allowed to assert any claim to be exempt from Missouri's general insurance laws, including Missouri's valued-policy and vexatious-refusal-to-pay statutes. Notably, official reports from the Missouri Department of Insurance reveal that[Insurance Company] has failed to produce sufficient documentation "of membership approval" of corporate articles of organization, including questions as to "membership approval" of "amended Articles and Bylaws" of the company. *See* Plaintiff's Exhibit 1, pp. 4 and 10 attached. This, in turn, raises multiple serious questions as to whether [Insurance Company] is in fact, and in law, operating lawfully as a mutual insurance company under Chapter 380.[2]

The exhibit cited in the Estate's response is an Order issued by the director containing the "Report of Financial Examination" issued by the Department. The Order directed Insurance Company to implement and verify compliance with each item mentioned in the Report. The Report stated Insurance Company failed to file amended bylaws with the Department per section 380.241, and recommended Insurance Company "should ensure all amendments to the Articles of Incorporation have received proper membership approval and all amendments to the Articles of Incorporation and bylaws have been filed with the [Department.]" In its reply, Insurance Company alleged the issues with filing the corporate documents had been resolved and provided Exhibit B, a Certificate of Authority from the Department, indicating Insurance Company was authorized to issue insurance policies under Chapter 380 and that the Certificate "shall remain in full force and effect unless refused, suspended, or revoked by the Director." The trial court granted summary judgment in favor of Insurance Company on Counts 1-4 of the Estate's petition and granted Insurance Company's motion to dismiss Count 5 on the same grounds.

---

2 For brevity's sake, we have omitted a substantial portion of the Estate's response which was mainly legal argument. The portions we have omitted are the same portions the Estate has omitted in its brief.

The Estate appeals in two points. In point 1, the Estate argues the trial court erred in granting summary judgment in favor of Insurance Company because there is a genuine issue of material fact with respect to whether Insurance Company was operating under Chapter 380 because the Estate "denied" that fact by citing to an exhibit demonstrating Insurance Company had, at one point, failed to file with the Department amended articles of incorporation and bylaws. According to the Estate, it controverted Insurance Company's material fact that it was operating under Chapter 380 by proffering documents from the Department that showed Insurance Company had failed to file all amendments to its articles of incorporation and bylaws with the Department as required by section 380.241. Point 2 relies on the same documents and argues the trial court erred in dismissing the intentional-infliction-of-emotional-distress claim because the dismissal was based on the trial court's alleged erroneous grant of summary judgment on Counts 1-4. Because these points rely on the same principles of law, we address them together.

**Standard of Review**

Our review in a case involving the grant of summary judgment is *de novo*, and we view the record in the light most favorable to the party against whom judgment was entered. ***Jameson v. Still***, 643 S.W.3d 306, 308 (Mo. banc 2022). When the moving party is the defendant, as in this case, summary judgment can be established by showing one of the following:

> (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

***ITT Com. Fin. Corp. v. Mid-Am. Marine Supply Corp.***, 854 S.W.2d 371, 381 (Mo. banc 1993) (superseded by rule on other grounds as recognized in ***Green v.***

5

*Fotoohighiam*, 606 S.W.3d 113 (Mo. banc 2020)). After a movant makes a *prima facie* showing that there are no genuine issues of material fact and that movant is entitled to judgment as a matter of law, the burden shifts to the non-movant, here the Estate, to show that one or more of the material facts shown by movant not to be in dispute is actually *genuinely* disputed. ***Executive Bd. of Mo. Baptist Conv. v. Windermere Baptist Conf. Ctr., Inc.***, 430 S.W.3d 274, 283 (Mo. App. S.D. 2014). "A denial may not rest upon the mere allegations or denials of the party's pleading. Rather, the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing there is a *genuine* issue for trial." Rule 74.04(2) Missouri Court Rules (2024) (emphasis added). "A genuine issue exists when the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts." ***Jerseyville Mall, L.L.C. v. Shop 'N Save Warehouse Foods, Inc.***, 633 S.W.3d 523, 525 (Mo. App. E.D. 2021). A genuine issue is one that is a real and substantial one—one consisting not merely of conjecture, theory and possibilities. ***Bray v. Wells Fargo Home Mortgage, Inc.***, 654 S.W.3d 732, 739 (Mo. App. E.D. 2022). "Where the 'genuine issues' raised by the non-movant are merely argumentative, imaginary or frivolous, summary judgment is proper." ***Stratman v. Wagner***, 427 S.W.3d 915, 918 (Mo. App. S.D. 2014) (internal citation omitted). Finally, we will affirm the trial court's grant of summary judgment if the facts alleged to be in dispute are actually the differing opinions of the parties concerning the legal consequence of actions or documents determining their respective rights. ***Topchian v. JPMorgan Chase Bank, N.A.***, 539 S.W.3d 879, 889 (Mo. App. W.D. 2017).

6

**No Genuine Issue of Material Fact as to Insurance Company Operating under Chapter 380**

The Estate claims it controverted Insurance Company's material fact that it was "operating under" Chapter 380 by citing to an exhibit which demonstrated Insurance Company failed to file amendments to the articles of incorporation and bylaws with the Department in 2017.[3] But the Estate fails to demonstrate that Insurance Company's failure in 2017 to file amended corporate documents in accordance with section 380.241 refutes an essential fact—whether Insurance Company was "operating under" Chapter 380.

It is true that section 380.241 requires amendments to the articles of incorporation and bylaws be filed with the director of the Department. § 380.241. But the Estate has failed to demonstrate that such a violation automatically terminates Insurance Company's authority to operate under Chapter 380. To the contrary, the penalties for such violations are set out in section 380.571, which gives the director of the Department the authority to suspend or revoke a certificate of authority for any *willful* violation, but says nothing about a company automatically losing its authority to operate under the Chapter for failing to file amended documents with the director. Rather, the statute says the "director may issue such administrative orders as authorized under section 374.046." § 380.571. Section 374.046 gives the director the authority to issue a "curative order or order directing the person to take other action necessary or

---

[3] Section 380.511 exempts mutual insurance companies from other Missouri insurance laws, including the valued-policy and vexatious-refusal-to-pay statutes:

> Any company operating under sections 380.201 to 380.591 shall be exempt from all provisions of other insurance laws of this state except as otherwise specifically designated in this chapter. No law hereafter passed shall apply to any company operating under the provisions of sections 380.201 to 380.591 unless such law shall expressly declare that it is applicable to such company.

§ 380.511.1.

appropriate to comply with the insurance laws of this state[.]" § 374.046.1(2). The exhibit cited by the Estate in its response indicates the director issued such a curative Order. This exhibit, however, does not demonstrate Insurance Company was no longer operating under Chapter 380. The Estate has failed to claim, let alone support, that the director took any action to terminate Insurance Company's authority to operate under Chapter 380. Thus, the Estate has failed to demonstrate that there is a *genuine* dispute that Insurance Company is operating under Chapter 380.

For these reasons, point 1 is denied. Because point 2 is contingent on the success of point 1, point 2 is also denied. The trial court's judgment is affirmed.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS